HENRY J. PATTERSON v. DETROIT, LANSING & NORTHERN RAILROAD COMPANY.

*Private action based on public grievance— Variance—Proximate cause.*

1. An individual can sue for the special injury resulting to himself from defendants' neglect to perform a public duty; so *held,* of an action against a railway company for the personal damage caused by leaving its cars standing across a highway for a longer time than is allowed by statute. How. Stat. § 3323.

2. There is no material variance between an allegation of the obstruction of a highway in a specified township and proof that a street in a certain village was obstructed, if it appears that the village was in the township.

3. The expense incurred from being detained until it was too late to take a particular train is a proper item of damages in an action for the injury caused by such obstruction of a highway as resulted in such detention.

Error to Clinton. (V. H. Smith, J.) Jan. 22.—Jan. 28.

CASE. Defendant brings error. Affirmed.

*M. V. & R. A. Montgomery* for appellant. The obstruction of a highway by a railway train is a violation of public duty for which there is a penalty and is not a grievance for which there is a personal right of action : *Taylor v. L. S. & M. S. Ry.* 45 Mich. 74.

*O. W. Barker* for appellee.

CHAMPLIN, J. Plaintiff impleaded the defendant before a justice of the peace for unlawfully obstructing a public highway in the township of Oneida, in the county of Eaton, by its freight cars, by which the plaintiff was hindered and delayed from passing along said highway to a grist-mill ; and by reason of such obstruction he was hindered and prevented from taking a certain train, and from transacting certain business at Ionia, and other damages particularly alleged, but unnecessary to mention. The defendant pleaded the general issue, and the trial resulted in a judgment for plaintiff for thirteen dollars damages. Defendant appealed to the circuit court, where the plaintiff recovered a judgment of two dollars and fifty cents damages. The defendant brings the case into this Court by writ of error, and assigns error upon the refusal of the judge to charge as requested by defendant's counsel, and in instructing the jury "that upon the proofs plaintiff was entitled to recover two and one-half dollars damages."

It appeared upon the trial that the plaintiff was traveling along the public highway leading into the village of Grand Ledge from the farm of plaintiff, with his hired servant and

team. He had a load of flour which he was taking to the grist-mill at Grand Ledge. The road he was traveling ran north and south, and is crossed by the railroad of defendant, which at this point runs nearly east and west. As he approached the railroad track he observed that it was obstructed by a train of freight cars standing on the side track, which also ran across the highway. The train was not separated at the highway crossing or the cars removed so as to permit the plaintiff to pass, but he was kept and detained there and prevented from crossing for the period of twenty-five minutes, by reason of the cars of defendant obstructing the highway. Evidence was given of the damage suffered by reason of the detention, which was made up of loss of time of the man and team, and extra expense paid out by plaintiff and made necessary by reason of the detention. The defendant introduced no evidence whatever, but requested the court to charge the jury: (1st) Upon the declaration and proofs the plaintiff is not entitled to recover. (2d) The case made by the proofs varies materially from the one alleged in the declaration. (3d) The measure of damages, if anything, cannot exceed the value of the time of the plaintiff's hired man and team for and during the twenty-five minutes during which they claim to have been detained. These requests were refused, and the court instructed the jury that, upon the proofs, plaintiff was entitled to recover two and one-half dollars damages.

Under the first assignment of error the counsel for defendant claims that the statute, having prohibited a railroad company from obstructing a street for more than five minutes at any one time (How. Stat. § 3323, subd. 5), it is the duty of the defendant to avoid such obstruction if possible; but that such duty is a public duty, and not one for breach of which an individual may claim personal damages. The premises stated in the above proposition may be granted, but the conclusion drawn therefrom by the defendant's counsel does not at all follow. The duty to avoid obstructing a public highway, contrary to the statute, is one which defendant owes to the public, without doubt. But it has always been held that if, in the non-observance of public duties, a party causes an in-

jury or damage to an individual of a special nature, differing in kind from that suffered by the public generally, he has a right of action to recover such damage. Such was the damage alleged, and for which plaintiff was allowed to recover in this case.

The variation complained of in the second assignment of error consists in the averment in the declaration that the defendant obstructed a certain highway in the township of Oneida, when the proof was that the obstruction, if any, was of a street in the village of Grand Ledge. Counsel for the defendant, however, conceded on the trial that the village of Grand Ledge was in the township of Oneida. There was therefore no material variance between the allegation and the proof.

There was no error in refusing the third request of defendant. The expenses incurred by plaintiff by being detained until too late to take the morning train was a direct result of the obstruction, and rendered necessary thereby. We discover no error in the record, and

The judgment is affirmed with costs.

The other Justices concurred.