Argued February 21, reversed and remanded March 12, 1918.

## SMITH *v*. MEIER & FRANK INV. CO.

(171 Pac. 555.)

**Statutes—Common Law.**

1.  Statutes in derogation of the common law must be construed
strictly.

**Municipal Corporations—Sidewalks—Negligence.**

2.  To constitute negligence predicated on violation of a city ordi-
nance by abutting property owner, there must first be a duty owing
by defendant to plaintiff.

[As to violation of ordinance, not intended for plaintiff's benefit
as actionable negligence, see note in **Ann. Cas.** 1912D, 1106.]

**Municipal Corporations—Sidewalks—Negligence.**

3.   Under Portland ordinance, requiring property owners to remove snow from sidewalks, and imposing penalty for failure to do so, where defendant failed to remove snow and ice during period of alternate thawing and freezing weather, and plaintiff fell and was injured, the violation of the ordinance, without any affirmative act against plaintiff, did not imply a cause of action in his favor, and he could not sue as a relator in the city's name.

**Municipal Corporations—Sidewalks—Negligence.**

4.   Portland City Charter, Section 398, making abutting owners liable civilly to pedestrians injured by defects in sidewalks, does not impliedly raise cause of action in favor of pedestrian, who fell on walk from which the owner had failed to remove snow and ice, in violation of city ordinance imposing penalty therefor.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.   Statement by MR. JUSTICE BURNETT.

The plaintiff alleges and the defendant admits that the latter is a corporation existing under the laws of this state, and that it was the owner of certain unimproved and unoccupied platted lots in the City of Portland, in front of which at the time mentioned in the complaint there was constructed and maintained a sidewalk as part of the adjacent street.   The plaintiff states that at the time of and long prior to the injuries of which he complains there was in force in the City of Portland an ordinance, containing among other provisions the following:

"Section 1.   The tenant or occupant or any person having the care of a building or of land bordering on a street where there is a sidewalk, within the corporate limits of the City of Portland, or if there is no tenant, occupant, or other person having the care of the whole of such building, or of any such land, the owner thereof shall, within the first four hours of daylight after the ceasing to fall of any snow, cause the same to be removed therefrom the entire length of said premises, and for a space not less than three feet in width. * *

"Section 3.   Whenever any portion of a sidewalk is encumbered with ice the tenant or occupant of a building or of land adjoining a street whereon is such side-

walk, or in case there is no occupant of the whole of such building of any such land, the owner or other person having the care of the same, shall cause such sidewalk to be made safe and convenient by removing the ice therefrom, or by covering the same with sand, ashes, or some other suitable substance, within the first three hours of daylight after the formation of said ice.

"Section 4. Any person violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof before the police court, shall be punished by a fine of not less than five dollars nor more than twenty dollars."

It is averred in substance that there was a heavy fall of snow during the month of January, 1916, which the defendant permitted to lie on the walk and become icy and slippery, on account of the more than two weeks alternate thawing and freezing weather prevalent at the time; and that while walking on the sidewalk plaintiff fell, on account of which his leg was broken and other injuries were inflicted, for which he claims damages.

A general demurrer to the complaint having been overruled, all its allegations except as noted, were traversed by the answer. The defendant alleges that the sidewalk itself was safe and complied with all the specifications and requirements of the legislation of the City of Portland on that subject; that the alleged unsafe and dangerous condition thereof, if any existed, was due to an act of God and without any instrumentality on the part of defendant; and, finally, that the injury sustained by the plaintiff, if any, was due to his negligence in going upon the walk with knowledge of its condition. The new matter of the answer was denied by the reply. A jury trial resulted in a judgment for the plaintiff, from which the defendant appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. Joseph & Haney* and *Mr. P. F. A. Boche,* with an oral argument by *Mr. Bert E. Haney.*

For respondent there was a brief over the names of *Mr. Charles A. Hart* and *Mr. M. E. Crumpacker,* with an oral argument by *Mr. Hart.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1–3. The crucial question in this case is the effect to be given to the city law the provisions of which have been quoted. It is axiomatic that statutes in derogation of the common law must be construed strictly. An examination of the ordinance discloses that the only liability thereby established which would affect the defendant is that of a fine. No cause of action in favor of any private person is mentioned. To constitute negligence predicated on the violation of a city law there must first be a duty owing by the defendant to the plaintiff. No such obligation is stated in express terms in the ordinance. If any exists, it must be by implication. We may concede without deciding that the city has the right under certain circumstances, if authorized by its charter, to impose upon an owner of abutting realty the duty of keeping a part or all of the street in front of his premises in suitable condition for the use of the public and may couple with the performance of that duty, primarily resting upon the city, not only a fine but liability to individuals who can trace their injuries to the householder's disobedience of the city enactment. But the question here is whether there is necessarily implied in the requirement to keep the snow removed from the sidewalk any further liability than the prescribed fine. Treating of this point in *Bott* v. *Pratt,* 33

Minn. 323 (23 N. W. 237, 53 Am. Rep. 47) the principal case relied on by the plaintiff, the court said:

"But whether a liability arising from the breach of a statutory duty accrues for the benefit of an individual specially injured thereby, or whether such liability is exclusively of a public character must depend upon the nature of the duty enjoined, and the benefits to be derived from its performance."

Cited in support of the text quoted are the following precedents: *Patterson* v. *Detroit etc. R. Co.,* 56 Mich. 172 (22 N. W. 260), was an action by a traveler against the railroad company for damages caused by the latter obstructing a highway in violation of the provisions of a statute forbidding railroads to impede traffic at a street crossing longer than five minutes. Another case was *Parker* v. *Barnard,* 135 Mass. 116 (46 Am. Rep. 450), where the injury arose through the defendant's disregard of a statute calling for the protection of a hatchway by railing. In *Salisbury* v. *Herchenroder,* 106 Mass. 458 (8 Am. Rep. 354), the damage was occasioned by the falling of a sign which had been suspended by the defendant over a street, contrary to the city ordinance. *Owings* v. *Jones,* 9 Md. 108, 117, arose out of the neglect of the defendant to comply with a city ordinance prescribing a mode in which vaults in the public streets should be protected. *Devlin* v. *Gallagher,* 6 Daly (N. Y.), 494, was an instance where the grievance arose from disregarding a certain statutory precaution required in blasting operations. In *Baltimore City Pass. R. R. Co.* v. *McDonnell,* 43 Md. 534, 552, the railroad company violated the ordinance limiting the speed of cars to six miles an hour and the jury was allowed to consider whether the accident would have been averted if the cars had not been moving faster than the lawful rate. And, lastly, *Hayes* v. *Michigan Central R. R. Co.,* 111 U. S. 228, 240, 28 L. Ed. 410, 4

Sup. Ct. Rep. 369, was predicated upon a hurt inflicted by a train moving on an unfenced track. The fencing was required under a charter empowering the city to compel railroad companies to provide protection against injury to persons and property in the use of such railroads. In all these instances the damages were the result of the operation of some positive agency in the primary control of the defendant, affecting a certain individual, as distinguished from the general public. In the case at bar the condition out of which the injury arose was not caused by any act of agency of the defendant. The plaintiff does not and cannot sue as a relator in the name of the city and the violation of its ordinance without any affirmative act of the defendant directly affecting him does not imply a cause of action in his favor.

4. The charter of the City of Portland in force at the time provided among other things:

"It is not only the duty of all owners of land within the city to keep in repair all sidewalks, constructed or existing in front of, along, or abutting upon their respective lots or parts thereof, and parcels of land, but such owners are hereby declared to be liable for all damages to whomsoever resulting, arising from their fault or negligence in failing to put any such sidewalk in repair, after the owner or agent thereof has been notified as provided in this charter so to do; and no action shall be maintained against the City of Portland by any person injured through or by means of any defect in any sidewalk": Section 388.

The limit of the city's power under that charter would be to visit a liability upon the property owner for not putting the sidewalk itself in repair. It has no reference to making him liable for anything further, and remembering the strictness in which statutes in derogation of the common law are to be construed, it is plain that the excerpt quoted gives no countenance to the implica-

tion of a cause of action based upon the ordinance mentioned. The cases of *Morgan* v. *Bross*, 64 Or. 63 (129 Pac. 118), and *McClaugherty* v. *Rogue River Electric Co.*, 73 Or. 135 (140 Pac. 64, 144 Pac. 569), cited by the plaintiff depend upon a general statute of the state known as the employers' liability law, which not only prescribes the duties of owners, contractors and others, but also makes their disobedience of its injunctions a basis for an action in favor of sundry persons who may be injured thereby. The right of action is grounded on the express terms of the statute and does not arise by implication in those cases. In our judgment, the snow and ice ordinance mentioned does not either expressly or impliedly give to an individual any right of action against the persons named therein who fail to obey. The only liability imposed is that of a fine at the behest of the city which had imposed its own primary duty upon them.

The demurrer to the complaint should have been sustained. The judgment of the Circuit Court is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

MR. JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE McCAMANT concur.