Submitted on briefs January 7; affirmed January 21, 1930

MARY A. REES *v.* COBBS & MITCHELL CO.

(283 Pac. 1115)

For appellant there was a brief over the name of *Mr. W. S. U'Ren.*

For respondent there was a brief over the names of *Mr. C. L. Starr* and *Mr. M. A. Zollinger.*

ROSSMAN, J.  In *Smith v. Meier & Frank Invest. Co.*, 87 Or. 683 (171 P. 555), this court disposed of a case similar to the present one; the plaintiff there was injured when he slipped upon an icy public sidewalk in front of premises owned by that defendant in the same city. The then ordinance of Portland was not dissimilar from its present one in any material particular, except as to the penalty, which was materially less.  It was there held:

"The snow and ice ordinance mentioned does not either expressly or impliedly give to an individual any

right of action against the persons named therein who fail to obey. The only liability imposed is that of a fine at the behest of the city which had imposed its own primary duty upon them.''

We might well dispose of this cause upon the authority of that decision; but, since the plaintiff argues once more the principles of law involved in litigation of this kind, we have again considered the entire matter and shall set forth, briefly, our conclusions.

It is true, as argued by the appellant, that the violation of a municipal ordinance, which creates a duty in favor of private parties, is itself sufficient to establish such negligence as will sustain a private action in favor of a plaintiff injured by reason of the breach; but in cases of this type it is necessary first to ascertain whether the ordinance creates a duty for the benefit of private parties, or whether it imposes one in favor of the municipality or general public only. Ordinances of the latter kind will not support an action in favor of an individual against one who neglects to perform the duty. Municipal legislation, requiring the removal of snow and ice deposited by natural causes upon the sidewalk, are held to create a duty in favor of the city only. The reasons follow: at common law the property owner was not required to remove these deposits, that duty was incumbent upon the municipality; the courts have, therefore, construed ordinances of this type as efforts of the city to require the abutting property owner to aid the city in the performance of its duty. Such being the interpretation placed upon them they are not regarded as prescribing a rule of care for, nor as creating a liability in favor of, the pedestrian. The cases are collected in a comprehensive annotation to

*Hanley v. Fire Proof Bldg. Co.,* 107 Neb. 544 (186 N.W. 534, 24 A. L. R. 382) ; the editor of A. L. R. there states:

"\* \* \* Accordingly, it is uniformly held that an ordinance requiring lot owners to keep the sidewalks free from snow and ice, and imposing a penalty for the neglect or failure to do so, does not relieve the municipality of this primary duty with respect to the safety of its public streets, and does not impose a civil liability on the lot owner in favor of a third person injured by reason of its violation."

See in accord Elliott, Roads & Streets, 4 ed., § 901; *Ainey v. Rialto Amusement Co.,* 135 Wash. 56 (236 P. 801, 41 A. L. R. 263) ; *Sewall v. Fox,* 98 N. J. L. 819 (121 Atl. 669, 28 A. L. R. 1357), and 13 R. C. L., Highways, § 341.

■ The plaintiff, however, contends that provisions of the charter of the city of Portland, valid under our state constitution, authorizes the city to enact all local, special and municipal legislation for the municipality, even to the extent of abrogating the common law. Be this as it may, the ordinance, which the plaintiff relies upon as an exercise of this asserted power to abrogate the common law, does not do so. It merely attempts to shift from the city to the property owner a duty primarily owed by the city. It is our conclusion that the demurrer was properly sustained and that the judgment of the circuit court must be affirmed.

AFFIRMED.