MILLIE FASANO, PLAINTIFF-RESPONDENT, v. PRUDEN-
TIAL INSURANCE COMPANY OF AMERICA, DEFEND-
ANT-APPELLANT.

Argued October 6, 1936—Decided February 26, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Carey & Lane.*

For the plaintiff-respondent, *Landau & Mehlor* (*Victor A. Hart,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is an action by the plaintiff—a pedes-trian—brought to recover damages for injury from the main-tenance by the defendant of a nuisance in a public highway. It was tried before the judge, sitting without a jury, and resulted in a judgment in favor of the plaintiff. The defend-ant appeals.

On the appeal the defendant complains of (1) denial of motion for judgment in favor of the defendant, and (2) of the entry of judgment in favor of the plaintiff.

We find such complaints to be without merit.

The evidence in behalf of the plaintiff tended to show that on the 27th day of July, 1935, about nine-thirty P. M., she tripped and fell on the sidewalk in front of the premises owned by the defendant and was injured; that this fall was caused by reason of the fact that the surface of a block of concrete or stone of the sidewalk on which plaintiff fell was from five to eight inches lower than the surface of the sidewalk on either side of it. Defendant admitted that it "owned the premises involved" at the time of the accident and for one year prior thereto, and had leased them to the present tenant. Plaintiff's witnesses testified that the condition as it was at the time of the accident had existed for five or six years prior to the accident.

The defendant offered no evidence, and there was no proof —even the slightest—that the condition resulted from ordinary wear and tear or the ravages of the elements.

In this posture of the proofs the pertinent legal rule was that one who purchases a property, the sidewalk in front of which was so constructed that the surface of one of the blocks of concrete or stone was from five to eight inches lower than the surface of the sidewalk on either side of it and which created a danger to pedestrians passing along the same, is chargeable with maintaining a nuisance in the public highway and is liable for injury resulting therefrom if he does nothing to remedy the condition for a period of years, in the absence of any evidence that the condition resulted from ordinary wear and tear or the ravages of the elements. *Braelow* v. *Klein,* 100 *N. J. L.* 156. That apparently was the rule applied by the trial judge, and considering the evidence, and the permissible inferences therefrom, we think that the trial judge was amply justified in denying defendant's motion for judgment, and in rendering judgment for the plaintiff.

The judgment will be affirmed, with costs.