ALFRED SMITH, PLAINTIFF-RESPONDENT, v. FOUR STAR DELIVERY SERVICE, INC., DEFENDANT-APPELLANT.

Submitted May 6, 1947—Decided January 8, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the appellant, *August W. Heckman* (*Leo N. Knoblauch*, of counsel).

For the respondent, *John R. Kelly*.

The opinion of the court was delivered by

HEHER, J.  By an agreement in writing made on July 12th, 1946, plaintiff "leased" a motor truck to defendant for an indefinite period commencing on the ensuing July 16th, terminable on two days' written notice by either party to the other, and in consideration thereof, defendant agreed to pay "the sum of $50 per day of use for the lease of each individual piece of equipment, less the salary of a driver and a helper per unit for a ten hour work day." At defendant's instance, the vehicle was held for its exclusive use from July 16th to July 29th, 1946, when defendant canceled the agreement in the exercise of the reserved power of termination; and there was judgment for plaintiff for the stipulated rental for that period. Defendant appeals.

The essential question is the meaning of the agreement. Defendant was disappointed in its expectation that it would have need for the truck in its business; and the insistence

is that the true sense of the terms employed to express the common intention is that "compensation for the lease of the truck" was payable only "when it was used." The words "of use" are pointed to as indicative of that intention. We do not entertain this view.

The agreement is in terms a "lease" of the vehicle until cancellation. And there is provision for the lessee's "exclusive use" of the truck "in the conduct of its business as a distributor of alcoholic beverages" in this state. Again, it is provided that "during the period of this lease," the vehicle "shall be solely and exclusively under the direction and control of the lessee, and is to be used solely in connection with its business;" and then comes the provision for the rental "per day of use for the use of each individual piece of equipment." Viewing this rental stipulation in relation to the context, the words "of use" have the sense and significance of the right to use and enjoy the subject property for the term of the lease. The contrary interpretation would run counter to the obvious reason and spirit of the agreement; for exclusive dominion of the vehicle was reserved to defendant, and, by the same token, dominion was surrendered by plaintiff. That the term "lease" was intended to have its usual meaning is rendered clear by the more specific provisions of the agreement. Indeed, this was defendant's conception of its undertaking; for the notice of cancellation would have been unnecessary if the agreement were open to the construction now offered. An absolute right of possession was vested in defendant; and it is of no consequence that the right was not exercised.

In this view, the rulings on evidence assigned for error are without merit.

The judgment is affirmed, with costs.