Argued February 27, affirmed April 3, 1957

MARSH *v.* McLAUGHLIN ET UX

309 P. 2d 188

*T. W. Churchill,* of Salem, argued the cause and filed a brief for appellant.

*E. L. Crawford,* of Salem, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and ROSSMAN, BRAND and McALLISTER, Justices.

BRAND, J.

This is an action for damages brought by plaintiff, Elaine G. Marsh, against the defendants McLaughlin, husband and wife. General demurrers to the complaint were sustained, plaintiff refused to plead further, and judgment for defendants was entered. Plaintiff appeals.

In brief, the complaint contains the following allegations: That defendants were and are owners of real property in the city of Salem on the northwest corner of Broadway and Jefferson streets, which property is fully described, and the street address of which is 1703 Broadway street. There was and is a public sidewalk constructed of concrete "adjacent to the Jefferson Street side of the real property" of defendants. On 20 November 1952 and for a long time prior thereto said sidewalk "was abruptly elevated upward in grade approximately three inches at a point just opposite a certain walnut tree in the parking area just South of said sidewalk." The defendants were negligent in that they failed to reconstruct, repair and maintain in good order the sidewalk located on the Jefferson street side of the property described. They failed to give warning of the dangerous condition existing on account of the raised portion of the sidewalk. Plaintiff while walking westerly along the sidewalk adjacent to the Jefferson street side of the property stubbed her toe, fell, was injured, and incurred damage and

expense as a proximate result of the negligence of defendants.

A second cause of action was stated in the complaint which is a verbatim repetition of the first, except that it alleges, in slightly different language, the charges of negligence. The allegation is that on 20 November 1952 and for a long time prior thereto the defendants suffered and permitted the sidewalk to be out of repair so that it became a long-time source of peril to all persons using the sidewalk. The first cause of action is based on a theory of negligence, and the second is said to be based on the theory of nuisance. Plaintiff predicates both causes of action upon the provisions of Section 83(a) of the charter of the City of Salem. The complaint sets forth only the first sentence of said Section 83(a). That sentence must, however, be construed in the light of other portions of the same section. We shall set forth the portion of the section on which plaintiff relies, and such other portions as bear upon the obligation imposed in the first sentence:

> "It is hereby made the duty of all owners of land adjoining any street or road in the city of Salem, Oregon, to construct, reconstruct, repair, and maintain in good order the sidewalks in front of their land. The common council may, by resolution, require the owner of any property to construct, reconstruct, or to repair the sidewalk in front of the property of such owner. Whenever the common council, by resolution, shall require the owner of any property to construct or reconstruct or to repair the sidewalk in front of such property, it shall cause a notice to be posted upon the property in front of which the sidewalk is to be constructed or reconstructed or repaired, * * *."

Next follow provisions concerning the substance and manner of posting of the notice and proof thereof, and

a requirement for mailing notice. Paragraph (b) of Section 83 provides that:

> "The owner, agent, or occupant, before constructing or reconstructing or repairing the sidewalk as in said notice provided, shall obtain from the city engineer a permit so to do, which permit shall prescribe the kind of sidewalk to be constructed, reconstructed, or repairs to be made, the material to be used, and the specification therefor, and the owner, agent, or occupants shall construct or reconstruct or repair said sidewalk as in said notice provided within ten days from the date of posting said notice. * * *"

The remainder of paragraph (b) authorizes procedure whereby the city may make the construction, reconstruction or repair if the property owner fails to construct, reconstruct or repair the sidewalk *"as in said notice provided"* (italics ours) and may acquire a lien against the property for the costs of the work.

A circumstance which seems to have been overlooked is that this is not an action against the city or its officers, but solely against the defendant property holders. In her brief plaintiff refers to the provisions of the Salem Charter, Section 25. After vesting power in the city to improve and maintain streets at the expense of the owners of adjacent property, that section provides:

> "* * * the said city shall not in any event be liable in damages to any person for any injury by any defect or dangerous place at or in any street, alley, bridge, public grounds, public buildings, or ditch unless said city shall have an actual notice of such defect or dangerous place, and a reasonable time thereafter in which to repair or remove such defect or dangerous place before the happening of such accident or injury; and in no case shall more

than $100 be recovered as damages from the city for such accident or injury; * * *."

Plaintiff next cites numerous decisions of this court concerning "exemption clauses", i.e., clauses purporting to exempt the city from liability, and she says, "it has been uniformly held that they are valid only when an equivalent remedy is left to the injured party." The cases cited are: *Mattson v. Astoria*, 39 Or 577, 65 P 1066; *Batdorf v. Oregon City*, 53 Or 402, 100 P 937; *Pullen v. Eugene*, 77 Or 320, 146 P 822, 147 P 768, 1191, 151 P 474; *Humphry v. Portland*, 79 Or 430, 154 P 897; *Caviness v. City of Vale*, 86 Or 554, 169 P 95; *Platt v. Newberg*, 104 Or 148, 205 P 296; *Noonan v. City of Portland*, 161 Or 213, 88 P2d 808.

■ The brief of the plaintiff appears to have the cart before the horse. The question is whether a remedy is given to the plaintiff against the defendant for negligent failure to repair the sidewalk. If there is no such remedy a question may arise as to the right to sue the city and as to the validity of the exemption clauses. But neither the city nor its officers are parties to this case and the effect of our decision as to plaintiff's rights against them, if any, need not concern us here. Our problem relates to the duty and liability of a defendant property owner. The rule at common law is well stated, as follows:

"In the absence of statute the owner or occupant of adjoining property is under no obligation to repair the street in front of his premises and is not liable for injury resulting from a defect therein which was not the result of his affirmative act or that of his agents or servants, but he owes a duty to the public to do no affirmative act that will create a dangerous condition in the street." 63 CJS 216, Municipal Corporations, § 860b.

See also *Noonan v. City of Portland,* supra; *Barton v. Capitol Market,* 57 Cal App2d 516, 134 P2d 847; annotation in 93 ALR 800.

■ We must therefore look to some legislative enactment of state or city as the basis for liability, bearing in mind that statutes in derogation of the common law are to be strictly construed. *Smith v. Meier & Frank Inv. Co.,* 87 Or 683, 171 P 555; *Lovell v. School District No. 13, Coos County,* 172 Or 500, 508, 143 P2d 236.

If by clear language the charter of a city imposes upon the abutting landowner the duty to repair a sidewalk, and also provides that such owner shall be liable for damages to third persons arising from his fault in failing to repair, then a person injured by a defective sidewalk may under conditions specified in the charter recover in an action for damages against the landowner. Such provisions covering both duty and liability appeared in the charter of the city of Vale which was before this court in *Caviness v. City of Vale,* supra, 86 Or 554, 169 P 95. In that case the charter provided further that if the lot owner fails to make the repairs a notice shall be posted and mailed directing the owner to make the repairs. The complaint alleged that there were sidewalk defects of long standing, that notice was given to the owner, and that sufficient time had elapsed to enable him to make the repairs before the plaintiff was injured. The holding of this court was, in substance, that under the charter there was an adequate remedy against the lot owner. The demurrer of the city was sustained because of the sufficiency of the remedy against him.

In *Humphry v. Portland,* supra, 79 Or 430, 154 P 897, the city charter imposed both duty to repair and liability for damages upon the lot owner. The provi-

sion differed from the one in the Vale charter in this way; the liability for damages was to persons injured arising from failure to repair after the owner had been notified. This court said:

> "The failure of the city auditor to mail to Mrs. Frederickson a notice of the defective condition of the walk in front of her premises as found by the court exonerates her from accountability for any part of the damages which the plaintiff sustained." 79 Or at 447.

In the other cases cited by plaintiff and listed supra, the lot owner was not a party defendant and his duties or liabilities were not involved.

■ There is no provision in the Salem Charter to the effect that the lot owner shall be liable to any person injured by a defective sidewalk because of failure to repair. The question therefore is whether the imposition upon the lot owner of the duty to repair, followed merely by provisions authorizing the city to make repairs and to impose a lien upon the lot for the cost if the owner fails to make them, is a sufficient basis for the further imposition upon the owner of liability for damages to any person who is injured by reason of the defective sidewalk. From the annotation in 93 ALR 803 we quote:

> "The weight of authority, as shown in the earlier annotation, is to the effect that statutes or ordinances requiring abutting owners to construct or maintain and repair sidewalks adjoining their premises, the work to be done by the municipality at the expense of the abutting owners in case of their failure so to construct or repair, does not impose liability upon such owners, either to travelers or to the city, for injuries caused by a defective walk.
> * * *"

Cases to the same effect are: *Smith v. Krebs,* 166 Kan 586, 203 P2d 215; *Schaefer v. Lenahan,* 63 Cal App2d

324, 146 P2d 929; *King v. Crosbie,* 191 Okl 525, 131 P2d 105; *Toutloff v. City of Green Bay,* 91 Wis 490, 65 NW 168; *Woods v. City of Palatka,* Fla (1953), 63 So2d 636; *Henrichs v. New Orleans Public Service, Inc.,* La App (1939), 192 So 383; *McGurk v. City of Shreveport,* La App (1939), 191 So 553; *City of Ashland v. Vansant Kitchen Lumber Co.,* 213 Ky 518, 281 SW 503; *City of Rochester v. Campbell,* 123 NY 405, 25 NE 937; *McCarthy v. Adams,* 42 Ohio App 455, (1932), 182 NE 324; *Fischer v. Salomone,* 136 NJL 431, 56 A2d 429; *Rupp v. Burgess,* 70 NJL 7, (1903), 56 A 166; *Willis v. Parker,* 159 NYS 676; *Pryga v. Will,* 87 NYS2d 162.

Plaintiff cites *Olson v. Chuck,* 199 Or 90, 259 P2d 128. This case is not in conflict with the rule stated in ALR supra. In that case the defendant property owner demurred to the complaint which sought damages against him by reason of injury caused by a defective sidewalk fronting his property. The trial court sustained the demurrer and entered judgment for defendant. On appeal the judgment was reversed. The Public Works Code of the City of Portland imposed upon the property owners the duty of maintaining the sidewalks in front of their lands in good repair. But it also provided that:

"* * * such owners are hereby declared to be liable for all damages to whomsoever resulting, arising from their fault or negligence in failing to put any such sidewalk in repair, after the owner or agent thereof has been notified as provided in the charter so to do; * * *." Public Works Code, § 5-313.

As we have said, there is no such provision in the Salem Charter.

We see no reason for considering that the cause of action based on the theory of nuisance presents any different problem from that presented by the cause predicated on negligence. Both rest upon the premise that the city has by charter imposed upon the defendant the duty to repair plus liability to injured persons for failure to repair. By the great weight of authority the charter of the City of Salem imposes the duty to repair as between the city and the property owner but does not impose liability for injuries suffered by third parties. If the complaint had alleged that the defendant had by affirmative action created a nuisance in the street, a different question would be presented.

Reference to the charter provisions clearly shows that the purpose was to provide procedure whereby the city might require construction, reconstruction or repair by the lot owner under specifications to be determined by the city and to provide further for such construction, reconstruction or repair by the city at the expense of the lot owner if he fails to act when notified to do so.

The judgment of the trial court is affirmed.