Argued April 3, affirmed October 27, 1972

FITZWATER, *Appellant, v.* SUNSET EMPIRE,
INC., *Respondent.*

502 P2d 214

*Jeanyse R. Snow,* Astoria, argued the cause for appellant.

*Andrew W. Fink,* Portland, argued the cause for respondent.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

HOWELL, J.

This is an action for personal injuries suffered by plaintiff when he slipped and fell on ice on the sidewalk in front of defendant's restaurant in the city of Astoria.

Plaintiff filed an original and three amended complaints. The defendant demurred to the first amended complaint for failure to state a cause of action. The demurrer was allowed. The plaintiff filed a second amended complaint, and the defendant moved

to strike it on the ground that it was substantially the same as the amended complaint. The parties stipulated that plaintiff could file a third amended complaint and that defendant's previous motion to strike would apply to the third amended complaint. The third amended complaint was stricken on the grounds of no material change. A judgment was entered against plaintiff and plaintiff appeals.

The parties have treated the motion to strike the third amended complaint as if it were a demurrer for failure to state a cause of action. Plaintiff states that the issue is "plaintiff's ability to state a cause of action under the facts."

We shall approach the issues on the same basis —whether plaintiff's third amended complaint stated a cause of action.

Plaintiff's complaint contained two causes of action. The first cause of action was based on the theory of negligence. Plaintiff alleged that defendant operated a restaurant and

"[t]hat on and before December 28, 1968, an accumulation of snow and ice formed on the sidewalk bordering the front of defendant's premises. That on or about December 29, 1968 at approximately 6:00 o'clock p.m., plaintiff, after having been a customer in defendant's premises, and at the invitation of defendant's manager, and for the benefit of defendant, accompanied defendant's manager to the exterior sidewalk adjoining defendant's premises, and while walking on said sidewalk in front of and immediately adjacent to said premises, slipped and fell on an accumulation of ice and snow on said sidewalk, resulting in injuries to the plaintiff as hereinafter set forth."

Plaintiff alleged negligence in allowing the ice and snow to accumulate, failing to remove same, fail-

ing to eliminate the slippery condition, and failing to warn.

Plaintiff's second cause of action was based on the theory of a public nuisance in that defendant failed to comply with a city ordinance requiring defendant to remove the ice and snow within a certain period after its accumulation, and that plaintiff suffered a particular injury.

In support of the negligence count, plaintiff contends that he was an invitee of defendant and if defendant's "means of ingress and egress is over the public sidewalk, then he must make such area of the public sidewalk reasonably safe, regardless of the fact that absent his special use of the public sidewalk he would not owe a duty to make it reasonably safe."

■ The law is well established in this state, as elsewhere, that the defendant owed no common law duty to pedestrians to keep the public sidewalk free of ice and snow. *Marsh v. McLaughlin et ux,* 210 Or 84, 309 P2d 188 (1957); *Rees v. Cobbs & Mitchell Co.,* 131 Or 665, 283 P 1115 (1930); 39 Am Jur 2d 918, Highways, Streets and Bridges § 517; 19 McQuillin (3d ed), Municipal Corporations § 54.42(b) at 104-05.

■ It is also uniformly held that an ordinance requiring the property owner to keep the sidewalk free of ice and snow and imposing a penalty for failure to do so does not impose civil liability on the property owner in favor of a third person. *Smith v. Meier & Frank Inv. Co.,* 87 Or 683, 171 P 555 (1918); *Rees v. Cobbs & Mitchell Co., supra;* Annot., 82 ALR2d 998, 999; 39 Am Jur 2d, *supra,* § 518 at 919; 19 McQuillin, *supra* at 106; 2 Restatement of Torts (Second) § 288, Comment *d.* Municipal ordinances requiring the removal of ice and snow upon a sidewalk are held to

create a duty in favor of the city only. In effect, they merely require property owners to aid the city in the performance of its duty. *Marsh v. McLaughlin et ux, supra; Rees v. Cobbs & Mitchell, supra; Major v. Fraser,* 78 Nev 14, 368 P2d 369 (1962).

■ If the allegation in the third amended complaint that plaintiff, "after having been a customer in defendant's premises, and at the invitation of defendant's manager and for the benefit of defendant," entered upon the public sidewalk is considered to allege that plaintiff was an invitee, it does not help plaintiff. As the defendant owed no duty to plaintiff under the common law, plaintiff's status is not important. *Basinger v. Standard Furniture Co.,* 118 Utah 121, 220 P2d 117 (1950). Moreover, the rule that a landowner owes no duty to pedestrians under an ordinance such as that involved in the instant case also applies to customers and patrons. 39 Am Jur 2d, *supra,* § 517 at 919; Annot., 88 ALR2d 331, 338.

■ Plaintiff seeks to avoid the rule by contending it does not apply when the public sidewalk is the means of ingress and egress to defendant's property. We fail to see that this makes any difference. Customarily, public sidewalks are always the means of ingress and egress to business establishments along the streets. Plaintiff cites *Merkel v. Safeway Stores, Inc.,* 77 NJ Super 535, 187 A2d 52 (1962); *Quigley's Pharmacy, Inc. v. Beebe,* 261 A2d 242 (DC App 1970); *Schwartz v. Helm's Bakery Limited,* 67 Cal 2d 232, 60 Cal Rptr 510, 430 P2d 68 (1967), in support of his position that defendant owes a duty to make the sidewalk safe when used as a means of ingress and egress. They are not applicable. In *Merkel* the defendant's parking lot was located adjacent to defendant's store. There was no

entrance to the store except over a public sidewalk between the parking lot and the store. In effect, the sidewalk where plaintiff fell on ice was a part of the parking area. *See Dawson v. Payless for Drugs,* 248 Or 334, 433 P2d 1019, 35 ALR3d 222 (1967).

In *Quigley* the plaintiff had left defendant's premises and was walking to a mailbox when she fell because of a defect in the sidewalk. The court found that defendant had no common law duty to keep the sidewalk in repair when he made no special use of the sidewalk. While the court did indicate by dictum that special use could include ingress and egress to defendant's store, we would reject that proposition because public sidewalks are always used for ingress and egress to business places.

The facts in *Schwartz* are vastly different from the case at bar. There, a four-year-old child was struck by an automobile while crossing the street to make a purchase from a doughnut truck. The court held that the duty to an invitee includes exercising reasonable care to prevent his being injured on the premises. "Premises" were held to include such means of ingress or egress as a customer may reasonably be expected to use. However, the court also emphasized that the crucial element was control. There is no allegation that defendant was exercising any special control over plaintiff or the sidewalk or carrying on any activities which created a hazard to plaintiff.

■ Plaintiff concedes the existence of the rule that an ordinance such as in the case at bar runs exclusively to the municipality and not to plaintiff. However, plaintiff argues that such a rule is arbitrary, "no longer meets the needs of our urban society," and is against public policy. However, the rule is almost uni-

versal in its application except in the courts of West Virginia, Annot., 82 ALR2d, *supra* at 1004. If the rule is to be changed to provide for liability to a third party, it should be done by an ordinance, charter or statute. *See Marsh v. McLaughlin et ux, supra; Olson v. Chuck et al,* 199 Or 90, 259 P2d 128 (1953); *Caviness v. City of Vale,* 86 Or 554, 169 P 95 (1917); 19 McQuillin (3d Ed), *supra* at 107.

The second count of plaintiff's complaint is based on the theory of public nuisance. The Astoria city code states that a violation of the snow removal ordinance may result in a criminal penalty, is a public nuisance, and that "the imposition of a penalty does not relieve a person of the duty to abate a nuisance."

A similar argument was rejected by this court in *Marsh v. McLaughlin, supra.* There, the plaintiff, injured by falling over a defective public sidewalk, alleged both negligence and nuisance in an action against the abutting owner. This court disposed of the negligence question by following the general rule that an ordinance requiring abutting owners to repair sidewalks does not impose liability on the abutting owner to persons using the sidewalk. As to the cause of action based on nuisance, the court stated:

"We see no reason for considering that the cause of action based on the theory of nuisance presents any different problem from that presented by the cause predicated on negligence. Both rest upon the premise that the city has by charter imposed upon the defendant the duty to repair plus liability to injured persons for failure to repair. By the great weight of authority the charter of the City of Salem imposes the duty to repair as between the city and the property owner but does not impose liability for injuries suffered by third parties. If the complaint had alleged that the defendant

had by affirmative action created a nuisance in the street, a different question would be presented." 210 Or at 92.

Obviously, the existence of the snow and ice on the public sidewalk, if it created a nuisance, was not caused by any affirmative act of defendant.

The plaintiff herein would distinguish the instant case from *Marsh* on the basis that snow and ice on the sidewalk has been made a public nuisance by mandate of the ordinance. Therefore, according to plaintiff, as he suffered a particular harm from a condition declared by the ordinance to be a public nuisance, he is entitled to recover on that theory.

Plaintiff has cited no cases supporting this theory.[1]

We believe that the reasoning in *Marsh v. McLaughlin, supra,* is equally applicable here.[2] At common law the abutting owner had no duty to pedestrians to keep the public sidewalk clear of ice and snow. An ordinance requiring removal of the ice and snow does not impose liability on the abutting owner to third persons injured as a result of his failure to remove

---

[1] In several cases from New Jersey, the court has imposed liability on the abutting owner on the theory of nuisance. Annot., 88 ALR2d 331, 408. However, an examination of those cases discloses that in almost every instance the condition of the sidewalk was caused by an affirmative act of the abutting owner, *see e.g.,* Manfra v. Paterson Sav. Institution, 126 NJL 93, 18 A2d 605 (1941), an iron strip placed in sidewalk and rising three inches over curbstone. In Fasano v. Prudential Ins. Co., 117 NJL 539, 190 A 319 (1937), one portion of the sidewalk was six inches higher than the remainder and had been so for several years.

Also, in Newport v. Schmit, 191 Ky 585, 231 SW 54 (1921), the changing of a cement sidewalk to slippery tile was held to create a nuisance. Again, this was an affirmative act of the owner.

[2] The decision of this court was adopted by the Nevada Supreme Court in Major v. Fraser, 78 Nev 14, 368 P2d 369 (1962).

the ice and snow. The duty belongs to the municipality and the courts have construed the ordinances as an effort by the city "to require the abutting property owner to aid the city in the performance of its duty," not to create a liability in favor of third persons. *Rees v. Cobbs & Mitchell, supra.* The penalty and abatement of the nuisance provisions in the ordinance are additional measures to help the city enforce the ordinance. If the city had intended by the ordinance to give an injured third party a right of action against the abutting owner, it could have so provided in the ordinance. Such provisions appeared in the charter in *Caviness v. City of Vale, supra,* and in the public works code in *Olson v. Chuck, supra.*[9]

We construe the ordinance as creating a duty in favor of the city and not for protection of members of the public.

Affirmed.

O'CONNELL, C.J., dissenting.

I recognize that the courts with few exceptions hold that an abutting owner is not liable to a person who is injured as a result of the owner's failure to remove ice and snow from the sidewalk in front of his premises. We have adopted this rule in our previous cases.[1]

I think that we should now hold that there is a

---

[9] The language of the code stated:

"* * * such owners are hereby declared to be liable for all damages to whomsoever resulting, arising from their fault or negligence in failing to put any such sidewalk in repair, after the owner or agent thereof has been notified as provided in the charter so to do; * * *." Public Works Code, § 5-313, City of Portland.

[1] Marsh v. McLaughlin et ux, 210 Or 84, 309 P2d 188 (1957); Rees v. Cobbs & Mitchell Co., 131 Or 665, 283 P 1115 (1930).

duty on the part of a possessor of land used for business purposes to remove from abutting sidewalks ice and snow which constitutes an unreasonably dangerous condition. In the present case it is only necessary to hold the duty runs to those who use the sidewalks as business invitees of the possessor.

We have already held that an occupier of property used for business purposes can be held liable to its customers for negligently failing to eliminate an unreasonably dangerous condition resulting from the accumulation of ice and snow in its parking lot.[2] And we have held that the store owner may be liable to customers who slip on melted snow inside the store. The same duty should extend to customers who slip and fall on snow and ice which has accumulated on the approaches not in possession of the owner but which are used by the customers as a means of ingress and egress to and from the occupier's property.[3]

If this court is hesitant to create on its own a duty in these circumstances, then I would suggest that the duty can be found in the ordinance of the city of Astoria, which imposes upon abutting owners the duty to remove snow and ice from abutting property.[4] The

[2] Dawson v. Payless for Drugs, 248 Or 334, 433 P2d 1019 (1967).

[3] This point of view was expressed in Merkel v. Safeway Stores, 77 NJ Super 535, 187 A2d 52, 55 (1962): "The defendant's invitees could not use the premises in the manner in which they were invited to use them except by passing over the public sidewalk. Under these circumstances there can be little question but that the public sidewalk was the means of ingress and egress provided by defendant for its customers, and the duty of using reasonable care to maintain it in a safe condition should apply. In fact defendant recognized its obligation and attempted to clear the sidewalk."

[4] I have expressed a dissenting view in several cases to the effect that we should not regard statutes or ordinances setting

majority opinion dismisses the ordinance on the ground that it has been interpreted as running exclusively in favor of the municipality. By its express terms the ordinance reveals that it was designed to "assure safe travel." This means safe travel for the public using the sidewalks. If the violation of a jaywalking ordinance is negligence per se, then it would seem that the violation of the ordinance in question is negligence per se.

The majority opinion does not explain why a snow removal ordinance, although intended to assure safe travel to those using the sidewalks runs exclusively to the municipality, whereas other ordinances also designed for the protection of members of the community runs to them. In my opinion, the present interpretation of the snow removal ordinances can only be explained as an anachronism.[9] I would not perpetuate it.

---

penalties for certain conduct as establishing the standard for the adjudication of personal injury cases. Ray v. Anderson, 240 Or 619, 403 P2d 372 (1965); Dimick v. Linnell, 240 Or 509, 402 P2d 734 (1965); McConnell v. Herron, 240 Or 486, 402 P2d 726 (1965); Henthorne v. Hopwood et al, 218 Or 336, 338 P2d 373, 345 P2d 249 (1959). But a majority of the court has taken a contrary view and I am simply urging that the same view can be taken in the present case.

[9] Cf., DeGraff, Snow and Ice, 21 Cornell L Q 436 (1936).