Argued March 17, affirmed as to Morrow, reversed as to Ding
July 8, petition for rehearing denied August 12, 1953

# OLSON *v.* CHUCK ET AL., DING and MORROW

259 P. 2d 128

*David M. Spiegel* argued the cause for appellant. On the brief were Lenske, Spiegel, Spiegel & Martindale, of Portland.

*Randall B. Kester,* of Portland, argued the cause for respondent Ben Morrow. On the brief were Maguire, Shields, Morrison & Bailey, of Portland.

*Wayne A. Williamson,* of Portland, argued the cause for respondent William G. Ding. On the brief were Wilbur, Mautz, Souther & Spaulding, of Portland.

Before LATOURETTE, Chief Justice, and ROSSMAN, LUSK, BRAND and PERRY, Justices.

ROSSMAN, J.

This cause is before us upon notices of appeal filed by the plaintiff from two judgments entered in this action. One of the judgments, in favor of the defendant-respondent William G. Ding, was rendered December 12, 1949; the other, in favor of the defendant-respondent Ben Morrow, bears as the date of its rendition June 5, 1951. The notice of appeal from the judgment as to Ding states that it was entered after the court had sustained a demurrer filed by Ding and the plaintiff had pleaded no further as to that defendant. The demurrer charged that the complaint failed to state a cause of action against Ding. The judgment as to Morrow was based upon a verdict which the court had directed the jury to return in favor of that defendant. The plaintiff in the action, Agnes Olson, alleged in her complaint that she was injured upon a public sidewalk in front of premises owned by the defendant-respondent Ding and another defendant by the name of Fong, who was not served with process and who made no appearance. The complaint averred that the plaintiff's fall was due to a defect in the sidewalk. Besides the defendants Ding, Fong and Morrow, there were six others who, according to the complaint, were lessees of the building which stood upon the lot to which the sidewalk abutted. Those six are not parties to this appeal. The aforementioned defendant-respondent Morrow is the city engineer of the city of Portland. Thus, it is seen that the defendants were the city engineer, the two owners of the lot and the six occupants of the structure which stands upon the lot. The only respondents are Ding (owner) and Morrow (city engineer). The city of Portland was not a defendant. The parties seemingly are in agreement that *Noonan v. City of Portland*, 161

Or 213, 88 P2d 808, and the decisions cited in it precluded the possibility of holding the city liable for the plaintiff's purported injury.

Plaintiff-appellant's (Agnes Olson's) brief submits as the first assignment of error the following:

"The court erred in sustaining defendant Ding's demurrer to plaintiff's amended complaint."

That is the only assignment of error which attacks the judgment entered in favor of Ding. In considering that assignment of error, it must be remembered that the attacked judgment recites that after the court had sustained the demurrer, the plaintiff declined to plead further. The exact words of the judgment are:

"It appearing to the Court that the demurrer of said defendant to plaintiff's amended complaint was heretofore sustained by this Court and that plaintiff has failed to plead further herein against said defendant * * *."

Based upon that premise, judgment was rendered in favor of Ding.

It will be observed that the pleading to which the demurrer was sustained was the amended complaint. Omitting mention of facts of which we have already taken notice and of others that are immaterial to the issue before us, the pleading alleged that the six tenants to whom we have adverted, together with the defendant Fong and the defendant-respondent Ding, "constructed and maintained a cement sidewalk upon the land adjoining the street in front of said property, * * *." Continuing, the amended complaint alleged that April 29, 1948, the plaintiff, while walking upon the aforementioned sidewalk, fell when her heel "became caught

in a hole that was then and there in the sidewalk". The pleading also averred:

"The said hole and uneven grade and weak condition in said sidewalk were present and in existence for many months next preceding April 29, 1948,"

and

"defendants and each of them knew or by the exercise of reasonable care should have known said facts."

The amended complaint designated in appropriate manner Ordinance No. 75,971, § 5-309, of the city. Although the specifications of negligence against the defendant-respondent Ding are not of controlling importance upon this appeal, we now quote the following one:

"Defendants violated the aforesaid ordinance of the city of Portland, Multnomah County, Oregon, in that they failed to maintain in good repair the sidewalk in front of said property and store building."

To the amended complaint thus summarized the court sustained the demurrer filed by the respondent Ding upon the ground that the pleading stated no cause of action against him.

In seeking to support the attacked judgment order, counsel for Ding argue that we are not at liberty to determine whether or not the amended complaint stated a cause of action in favor of the plaintiff against him because, after the order was entered which sustained the demurrer, the plaintiff filed a second amended complaint. They point out that a later pleading supersedes a former one and that thereupon the latter ceases to be a pleading. In view of that argument, it is necessary to return to the record and determine from it what occurred.

Sometime after the entry of the order which sustained Ding's demurrer to the complaint, the plaintiff filed a pleading which she entitled Second Amended Complaint. Its caption included Ding's name, but the pleading contained nothing whatever pertaining to him. It was concerned only with the plaintiff's cause of action against the defendant Morrow. It expanded and amended the charges which the amended complaint had made against that defendant. By the time it was filed, rulings had removed the tenants from the case. We said that the second amended complaint concerned itself exclusively with Morrow; for example, it alleged:

"It is and was the duty at all times hereinafter mentioned of the defendant Ben Morrow to * * *. That defendant Ben Morrow was so negligent, careless and acted in an unlawful manner as follows: * * *."

At that point the pleadings set forth the specifications of the plaintiff's charge of negligence against Morrow who was, as we have seen, the city engineer. Ding was left unmentioned, and it is plain that the second amended complaint did not purport to be the plaintiff's medium of presenting her cause of action against him. As to the latter, she had evidently elected to stand upon her amended complaint.

Shortly after the second amended complaint was filed, the defendant Ding presented a motion which read:

"The defendant William G. Ding moves the Court for judgment herein upon the ground that the demurrer of this defendant to plaintiff's amended complaint has heretofore been sustained by this Court and plaintiff has now filed a second amended complaint in which no actionable negligence is

charged against this defendant and plaintiff has thus failed to plead further against this defendant.''

We direct attention to the words just quoted, ''in which no actionable negligence is charged against this defendant and plaintiff has thus failed to plead further against this defendant''. In a preceding paragraph we copied the material part of the judgment order which sustained the motion. It recited, so it will be recalled, that the plaintiff had ''failed to plead further against said defendant''. Thus, plainly, the motion and the judgment order did not deem that the second amended complaint was a pleading over by the plaintiff after the demurrer had been sustained to the amended complaint.

The brief of counsel for defendant Ding, in arguing in support of the judgment order, says:

''This appeal is from the judgment entered in favor of the respondent Ding on appellant's second amended complaint and this complaint does not purport to state a cause of action against this respondent, the alleged owner of said premises.

''Appellant obviously must appeal from the judgment entered in favor of this respondent because she cannot appeal from the order sustaining said respondent's demurrer to the amended complaint as this is not an appealable order. Hubbard v. Olsen-Roe Transfer Co., 101 Or. 168. The judgment was entered on the second amended complaint, not the first amended complaint.

''The law is well settled in this state when an amended complaint is filed all former complaints cease to be a part of the pleadings and the only existing pleadings are the pleadings as finally amended.''

Although the first two paragraphs of the quotation appear to confuse and stray away from the contention

that the second amended complaint superseded the amended one, we shall give them attention before considering whether or not the later pleading, which was concerned only with Morrow, superseded the earlier one, which averred the plaintiff's cause of action against Ding as well as her cause against Morrow.

It will be observed that the quoted language says: "This appeal is from the judgment entered in favor of the respondent Ding on appellant's second amended complaint." The notice of appeal, however, states that the plaintiff appealed from the judgment order of "December 12, 1949, wherein and whereby a Demurrer was allowed and judgment in favor of William G. Ding was allowed." Clearly, an appellant has a right to pick out the order, decree or judgment which he wishes to challenge. That right belongs to him and not to the respondent. This is, therefore, an appeal from the judgment order which was entered December 12, 1949, the material parts of which we have quoted. By reverting to the quoted language, it will be noticed that it says that after Ding's demurrer to "plaintiff's amended complaint" had been sustained and the plaintiff had "failed to plead further herein against said defendant", the judgment order was entered. Thus it is clear that, so far as Ding is concerned, the plaintiff appealed from the judgment order which was entered after Ding's demurrer to the amended complaint [not the second amended complaint] was sustained. The second amended complaint was not concerned with Ding, and he filed no demurrer attacking it.

We come now to the third paragraph of the excerpt which we quoted from the brief submitted by respondent Ding. The latter, if we may repeat, argues that this court, in determining whether or not the chal-

lenged judgment order is erroneous, is not at liberty to examine the amended complaint. He claims that we can consider nothing except the second amended complaint, which, as we have pointed out, makes no effort to present a cause of action against him. The brief of his counsel declares:

"Upon the filing of an amended pleading the original pleading ceases to be a part of the record. * * * Therefore, when the appellant filed her second amended complaint, the original complaint and the amended complaint ceased to be a part of the pleadings and, consequently, the second complaint is the only existing complaint in this case."

■ Summarizing facts previously mentioned, the record presents this situation: (1) the second amended complaint is unconcerned with Ding; (2) the pleading just mentioned sets forth nothing except the plaintiff's cause of action against Morrow; (3) Ding's motion which eventually resulted in the entry of the attacked judgment stated that the plaintiff had failed to "plead further herein against this defendant" [Ding]; and (4) the attacked judgment recognized that the second amended complaint was not filed "against said defendant" [Ding]. This court has held many times, as the defendant Ding states, that when a party files an amended pleading as to any of his adversaries, the original pleading ceases to be a pleading as to them. *Noonan v. City of Portland,* supra, is an example of the decisions which so hold. See, also, 71 CJS, Pleading, § 321, p. 716. But the second amended complaint was not intended to be a statement of the plaintiff's cause of action as to Ding. Both Ding and the court so understood, as is clearly revealed by the motion for judgment and by the order under attack which sustained the motion. The second amended complaint

was not intended by the plaintiff to supersede the amended complaint as a statement of her cause of action against Ding, and all concerned with the case so understood. We are satisfied that the second amended complaint did not supersede the parts of the amended complaint which set forth the plaintiff's cause of action against Ding. Respondent's contention to the contrary is rejected.

■ The defendant Ding submits another contention which has its source in procedural rules. This contention stems from the fact that the circuit court, upon motion made by the tenant-defendants, had struck from the files the amended complaint. The order deemed the pleading frivolous as to those defendants. Citing *Abrahamson v. Northwestern Pulp & Paper Co.*, 141 Or 339, 15 P2d 472, 17 P2d 1117, Ding contends that the effect of the order was to restore the original complaint. When the tenants were served with the original complaint, they filed a demurrer which charged that the pleading did not state a cause of action against them. The demurrer was sustained. Later, the plaintiff filed the amended complaint and in it repeated the same charges against the tenants that were made in the original complaint. Unlike the latter, the amended complaint added as a defendant the city engineer and made charges of negligence against him. At that juncture the tenants moved to strike the amended complaint as frivolous; that is, that it repeated averments which had been adjudged insufficient. The court sustained the motion in an order which recited:

"* * * these defendants are now entitled to judgment against plaintiff, dismissing this action as to them,

"Now, Therefore, It is hereby ordered and adjudged that as to defendants K. D. Chuck, William Fung, Quan S. Fong and Chin Ling, plaintiff's amended complaint is frivolous and that said amended complaint be and it hereby is, as to these defendants, struck out &ast; &ast; &ast;."

Oregon Laws 1949, ch 310, in amending § 1-903, OCLA, made the latter read as follows:

"If sham, frivolous, irrelevant or redundant matter be inserted in a pleading, such matter may be stricken out on motion of the adverse party; &ast; &ast; &ast;"

We think it is evident that the amended complaint was stricken only as to the moving defendants (the tenants). We also think that both the defendant Ding and the court so understood the situation. For instance, after the order which struck had been made, the defendant Ding filed the demurrer which we have mentioned to the amended complaint. Thus he recognized that the amended complaint had not vanished from the record. Later, the court ruled upon the demurrer and, in sustaining it, entered this order:

"The demurrer of the defendant William G. Ding to plaintiff's amended complaint having come on regularly to be heard &ast; &ast; &ast; the plaintiff appearing by her counsel &ast; &ast; &ast; and the defendant appearing by his counsel &ast; &ast; &ast; and the court hearing argument and being fully advised in the premises: Orders that the demurrer &ast; &ast; &ast; be and the same hereby is sustained but with leave to the plaintiff to amend her amended complaint &ast; &ast; &ast;"

We believe that the amended complaint was not stricken as to the respondent Ding. He had not moved against that pleading and none of the latter's averments were repetitions from a previous pleading which had been

adjudged insufficient. The effect of the order upon which Ding depends was limited to the moving defendants. We find no merit in this contention of the respondents.

We come now to the contention of the defendant Ding that the amended complaint fails to state a cause of action against him. His brief epitomizes his contention in this manner.

> "Before an adjoining property owner in the city of Portland can be held liable in a civil action by reason of a defect in the sidewalk he must first have been notified of said defect."

The notification which the defendant has in mind is the notice to repair for which § 5-309 of the Public Works Code of the city of Portland makes provision. Before taking notice of that section of the city's ordinances, it is desirable to have in mind some of the other enactments of the city. Section 1-110 of the city's charter contains this provision:

> "No recourse shall be had against the city for damage or loss to person or property suffered or sustained by reason of the defective condition of any sidewalk, * * * whether any of said defects originally existed, or whether they were occasioned by construction, excavation or embankment; nor shall there be any recourse against the city for want of repair of any sidewalk, * * *; nor shall there be any recourse against the city for damage to person or property suffered or sustained by reason of accident on sidewalk, * * *; but in such case the person or persons on whom the law may have imposed the obligation to repair such defect in the sidewalk, * * * and also the officer or officers through whose official negligence such defect remains unrepaired shall be jointly and severally liable to the party injured for the damage sustained."

Section 5-309 of the city's Public Works Code says, in part:

> "It is hereby made the duty of all owners of land adjoining any street in the city of Portland to construct, reconstruct and maintain in good repair the sidewalks in front of said lands."

Having imposed upon the owner the duty of "maintaining in good repair the sidewalks in front" of his property, § 5-309 shortly specifies functions which the city engineer must perform concerning sidewalks which are in a defective condition. The defendant Ding finds in this provision a basis for his contention that the owner must receive notice from the city engineer of disrepair before he can be held liable for an injury suffered as a result thereof. Before taking note of the part of § 5-309 upon which the defendant depends, we pause to observe that the defendant seemingly believes that even if an owner of property had actual knowledge of a cavity in the sidewalk in front of his house, possibly gained through himself stumbling into the cavity, still he would not be liable to another who, some days later, met with the same misfortune, unless the city engineer had given the notice mentioned in § 5-309 and twenty days had passed after the notice was given. The plaintiff contends that the notice required by § 5-309 is not a prerequisite to subjecting the owner to liability in a tort action, but is a part of the process whereby the city can subject the lot to liability for the expense which the city incurs in repairing the defective sidewalk. The part of § 5-309 which is the piece de resistance of the contentions reads as follows:

> "* * * If the owner of any lot or part thereof, or parcel of land, shall suffer any sidewalk along the same to become out of repair, it shall be

the duty of the City Engineer to post a notice on the adjacent property headed 'Notice to Repair Sidewalk,' in letters not less than one inch in length, and said notice shall be in legible characters directing the owner, agent or occupant of said property immediately to repair the same in good and substantial manner, and the city engineer shall file with the auditor an affidavit of the posting of such notice, stating the date when and the place where the same was posted. The auditor shall upon receiving the affidavits of the city engineer send by mail a notice to repair said sidewalk to the owner (if known) of such property, or to the agent (if known) of the owner, and directed to the post-office address of such owner or agent, where such post-office address is known to the auditor, and if such post-office address be unknown to the auditor, such notice shall be directed to such owner or agent at Portland, Oregon. A mistake in the name of the owner or agent, or a name other than that of the true owner or agent of such property shall not render void said notice, but in such case the posted notice shall be sufficient.''

Section 5-310 prescribes the course which the owner and the city engineer shall take concerning the defective sidewalk after the notice exacted by § 5-309 has been given. It says:

''The owner, agent or occupant before making said repairs shall obtain from the city engineer a permit so to do, which shall prescribe the kind of repair to be made, the material to be used and specifications therefor, and the owner, agent or occupant shall make said repairs within twenty days from the date of posting said notice. If the owner, agent or occupant of any such lot or part thereof or parcel of land shall fail, neglect or refuse to make the sidewalk repairs within the time designated, the city engineer shall make the same, and keep an accurate account of the cost of the labor and materials in making the repairs in front

of each lot or parcel of land, and shall report monthly to the council the cost of such repairs, and a description of the lot or part thereof or parcel of land fronting on the sidewalk upon which such repairs are made.''

Section 5-311 delineates the manner in which the city council may subject property with the cost of repairing a defective sidewalk provided the notice authorized by § 5-309 was given and the required repairs were not made in the period of twenty days following the notice. The section reads:

''The council shall exercise the same general authority and supervision over sidewalk repairs that it shall have in the matter of street improvements; it shall inspect the reports of sidewalk repairs and the cost thereof made by the city engineer, and if it deems the same to be reasonable it shall approve the same. The council shall at least once each year by ordinance assess upon each of the lots or parts thereof or parcels of land fronting upon sidewalks which have been so repaired the cost of making such repairs as approved by the council and ten per cent additional to defray the cost of notice, engineering and advertising. In each case all such assessments may be combined in one assessment roll and the same shall be entered on the docket of city liens and collected in the same manner as is provided for special assessments for street improvements.''

So far it appears to be clear that §§ 5-309, 5-310 and 5-311 cast upon the owner the duty to maintain in a reasonably safe condition the public sidewalk in front of his property and prescribe the manner in which expenses incurred by the city in the repair of the walk may be rendered a lien upon the property if the city engineer gave the required notice and the owner for more than twenty days neglected its demands.

We now come to § 5-313, which reads as follows:

"It is not only the duty of all owners of land within the city to keep in repairs all sidewalks, constructed or existing in front of, along or abutting upon their respective lots or parts thereof and parcels of land, but such owners are hereby declared to be liable for all damages to whomsoever resulting, arising from their fault or negligence in failing to put any such sidewalk in repair, after the owner or agent thereof has been notified as provided in the charter so to do; and no action shall be maintained against the city of Portland by any person injured through or by means of any defect in any sidewalk".

It will be observed that § 5-313 contains these words: "After the owner or agent thereof has been notified as provided in the charter so to do". No provision of Portland's present charter requires notice to be given to an owner concerning a defect in a sidewalk. Section 5-313, prior to 1913, was a part of the city's charter, but when the commission form of government for the city was inaugurated in 1913 that provision was reduced to the status of an ordinance. We shall, however, attach no importance to that circumstance.

The respondent Ding contends that § 5-313 should be construed to mean that an owner, in front of whose property there is a defective sidewalk, is liable to one injured as the result of the defect only in the event that the notices were given for which § 5-309 makes provision. In short, he attaches no consequences to actual knowledge.

The enactment of which we first took notice and which reads: "No recourse shall be had against the city for damage * * * sustained by reason of the defective condition of any sidewalk * * *; but in such case the person * * * on whom the law may

have imposed the obligation to repair such defect * * * shall be * * * liable to the party injured" is a part of Portland's charter. The other enactments, including, as we have just indicated, § 5-313, are parts of the city's ordinances. Thus, it is seen that the charter in unqualified terms renders "the person or persons on whom the law may have imposed the obligation to repair * * * liable to the party injured". If the respondent Ding's contention is accepted, the owner is not liable, regardless of his actual knowledge of the defective condition, unless the course of notice-giving outlined in § 5-309 was pursued. Thus, his liability would be conditional.

It is our duty to construe the above-quoted provisions and in so doing to be guided by § 2-216, OCLA, which presents the cardinal rule of statutory construction. That provision says:

"In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all."

Accordingly, it is our duty if possible to adopt a construction which will give effect to "all" of the above municipal provisions. We shall now determine whether they can be reasonably reconciled.

This court has held many times that the validity of § 1-110 of the city's charter, which renders the city nonsuable for injuries resulting from sidewalk defects, can be upheld only in the event that an adequate remedy is afforded the injured party against others who are legally responsible for the defect. A good

illustration is *Caviness v. City of Vale,* 86 Or 554, 169 P 95. The charter provision there under consideration was substantially the same as § 1-110. The decision said:

"It is true that if the property owner fails to keep a walk in repair, the law requires the city engineer after notice to the owner to make such repairs at his final expense; but after all it is the owner who is primarily the person to make repairs. There is justice under such circumstances in requiring the owner to be responsible for any damage which may ensue by reason of his neglect. If the city engineer fails to give the notice required or if in default of the owner making repairs, he or the council with knowledge of such default, allows the defective condition to continue, there is justice in requiring these delinquent officers and the owner to answer for such delinquency, instead of saddling it upon the general taxpayers. There is respectable authority for the proposition that the legislature may entirely absolve a city from liability for injuries arising by reason of defective streets or sidewalks, and that such legislation is not in derogation of a constitutional provision, similar to Article X, Section 1 of our Constitution: Goddard v. Lincoln, 69 Neb. 594 (96 N. W. 273).

"But as already shown, this court has taken a different view and held that in order to exempt a municipal corporation an equivalent remedy must be provided. Here the legislative authority has placed the primary duty of constructing and repairing sidewalks upon the owner of abutting property, and has expressly declared such owner liable for failure to perform that duty. It has not attempted to take away the remedy that always existed against the officers of the city for failure to cause repair of defects coming to their knowledge, which latter remedy while not always perfect and complete, will be found sufficient in many cases. The owner of the abutting property is *prima*

*facie* solvent, and it is not required that the remedy afforded should go to the extent of guaranteeing the immediate collection of any judgment that might be obtained, if upon the whole it appears that it is plain and reasonably adequate.''

*Caviness v. City of Vale,* supra, and other decisions by this court to the same effect, of which *Noonan v. City of Portland* is the most recent, hold that the validity of charter provisions such as § 1-110 can be sustained only if an adequate remedy for the liability arising out of the sidewalk injury is afforded against some other responsible person. The same decisions hold that if the owner is rendered responsible for the maintenance of the sidewalk and liable for his negligence, charter provisions which render the city non-suable are valid. However, in all of the decisions which so held the city engineer or other municipal officials were also rendered liable.

If the contentions of the respondent Ding are accepted, an owner, in front of whose home there lies a sidewalk which he knows is in disrepair, would not be responsible for resulting casualties until the city engineer had complied with the provisions of § 5-309 of the city's Public Works Code above quoted. The owner's actual knowledge of the derelict condition of the walk is regarded as immaterial by the respondent. Evidently the latter believes that if the owner himself wrecked the walk and thereby created the hazards, still he would not be liable to those injured unless the city engineer gave the notices which § 5-309 outlines. If the owner had no actual knowledge, but if the perilous condition had existed for a period sufficiently long to have rendered it notorious, yet, according to the respondent's contention, the owner would not be liable for injuries unless the city engineer had complied with

§ 5-309. It is clear that the respondent Ding deems actual knowledge irrelevant upon the issue of the owner's negligence. He attaches importance solely to the constructive notice for which § 5-309 makes provision.

The city of Portland has only one full-time sidewalk inspector and its walks are two thousand miles in length. The inspector visits all walks once a year and some twice a year. Those circumstances indicate that if the respondent's contentions are sustained, a perilous condition can exist for a year or so in which the owner would be required to do nothing, notwithstanding his actual knowledge of the defective condition of his sidewalk.

The following is taken from 63 CJS, Municipal Corporations, § 871, p 249:

"Where a defect or obstruction was not due to the affirmative act of the person sought to be charged, and his responsibility is for negligence only, in failing to remedy the defective condition, he is not liable for resulting injuries in the absence of actual or constructive notice of such defect or obstruction unless he was negligent in not anticipating the danger and guarding against it. So, where a person whose duty it is to guard an obstruction places proper guards or lights, but they are removed without his fault, he is not liable for injury occurring before he could have discovered or remedied the situation in the exercise of ordinary care. If, however, such person is negligent in failing to guard against such act, or neglects to replace the guards or lights after reasonable opportunity to discover their absence, he will be liable.

"On the other hand, a person whose active agency has created a nuisance or brought about a dangerous condition in the street is bound to take cognizance of the natural consequence of his own wrongful or negligent act, and the rule requiring

notice of a defect is not applicable even though the statute requires notice to the municipality; and in any event it is sufficient to charge such a person with negligence that he might by the exercise of due care have known of the danger. So a public contractor who tears up a sidewalk and replaces it with boards is chargeable with knowledge of a defect in the construction, but he is not liable for a defect arising thereafter unless he had actual or constructive notice of its existence. An abutting owner or person who owns or controls and uses a coalhole or other opening in the street or sidewalk is chargeable with knowledge of defects of which he might have known by the exercise of due care, and it is not necessary that such defect should have been so notorious as to be evident to all passersby. Where the abutting owner was notified by the city of the defective condition of a patch of cement which had been placed over the sidewalk by a previous tenant for the convenience of the building, he is liable for subsequent injuries even though the facility had been constructed without his knowledge.

"Constructive notice may be drawn from existing physical conditions. Thus notice may be implied where a defect has existed for some time, and it has been held that notice of a defect in a sidewalk should be imputed to the abutting owner within a much shorter time than is necessary to charge a municipality with notice. Where a defect in a sidewalk is not observable to a pedestrian thereon, it is not such as to charge an adjoining owner with constructive notice."

We copy the following from 25 Am Jur, Highways, § 440, p 731:

"In the absence of any statutory provision to the contrary, the notice required as a condition of liability may be either actual or constructive; that is, it may arise from actual knowledge, or it may be predicated upon the theory that one must be

presumed to know what he should have discovered by the exercise of reasonable diligence.''

From § 441, page 733, of the same treatise we take this:

"Statutes and charters sometimes provide that municipal corporations shall not be held liable for injuries due to defects in streets and highways unless they shall have had actual notice of such defects for a specified time before the occurrence of the injury, and in some instances such notice is required to be in writing. * * * A provision requiring notice from the public authorities to an abutting owner to repair a sidewalk, as a condition precedent to the right to make such repairs at the cost of such owner, does not make such notice a condition precedent to the liability of the owner or occupant for an injury resulting from a nuisance created or maintained by him."

From the foregoing, we notice that generally if an owner has actual knowledge that a sidewalk for which he is responsible has become defective, his duty to take action commences as of that time, unless legislation fixes some other time. But if the condition of the walk was notorious, he may be charged with constructive notice of its condition. In other words, an owner is not charged with notice of a defect the moment one develops unless he himself created it or had actual knowledge of it.

It appears to us that § 1-110 of the charter and §§ 5-309, 5-310 and 5-311 of the ordinances can be reasonably construed to mean:

(1) The city is not liable for sidewalk maintenance nor for sidewalk injuries.

(2) The duty to maintain in a reasonably safe condition the sidewalk and to respond for sidewalk injuries resulting from disrepair is in part upon the owner of the adjacent premises.

(3) The duty of the owner to repair begins when he has acquired knowledge of the defect.

(4) If the owner has no actual knowledge of an existing defect but if the condition was notorious, his duty to repair began when the constructive notice reached him.

(5) If the owner has no actual knowledge of the defect and if the condition was not notorious, but the notice authorized by § 5-309 was given, the repairs must be made within the 20-day period.

■ Such is our construction of the municipal enactments upon which the parties rely. It harmonizes all of the provisions. It assigns to § 5-309 a means of shortening the period for constructive notice arising from disrepair which otherwise might have extended over many months of time. As previously indicated, we think that the ordinance provisions also constitute a means of enabling the city to recoup from the property the cost of sidewalk repairs made by the city.

We believe that the construction set forth in the preceding paragraph is in accord with previous decisions by this court which the respondent cites. For example, his brief cites *Humphry v. Portland,* 79 Or 430, 154 P 897. In that case, according to the statement of the Chief Justice which precedes the opinion, the owner ''did not know of the defective condition of the walk'' in front of her property. The decision said that the city auditor had failed ''to mail Mrs. Frederickson a notice of the defective condition of the walk.'' Thus the owner had neither actual knowledge nor constructive notice of the defect. She was held not liable.

■ The complaint in the case at bar avers that the defect in the sidewalk which caused the plaintiff's fall had existed ''for many months'' before the plaintiff

suffered her injury. It also alleges that "defendants and each of them knew or by the exercise of reasonable care should have known" of the defect. It is our belief that the averment was sufficient to charge that the defendant either possessed actual knowledge of the defect or had received constructive notice of it. In either event, his duty to repair antedated the plaintiff's fall. Error was committed when the defendant's demurrer was sustained; it should have been overruled. We sustain the first assignment of error.

■ The plaintiff-appellant's second assignment of error follows:

"The Court erred in granting a directed verdict in favor of defendant, Ben Morrow, the City Engineer of Portland."

Although we have given careful attention to the evidence which was received during the trial, we encountered nothing which indicates that the defendant-respondent Morrow neglected any phase of his duties. To the contrary, the record shows that he capably, intelligently and carefully discharged the many duties which the city has placed upon him. The appellant's brief nowhere calls attention to anything which Morrow should have done but neglected. The able trial judge, in directing the attacked verdict, summarized the evidence. We observe that appellant's opening brief and her reply brief do not challenge the facts which were summarized in that manner.

We do not believe that error was committed when the motion for a directed verdict was sustained. We find no merit in the second assignment of error.

It follows that the judgment in favor of respondent Ding is reversed, and that the one entered in favor of respondent Morrow is affirmed.