Argued January 8, affirmed January 23, 1975

ANTHIS, *Appellant, v.*
BORDEAUX, *Respondent.*

530 P2d 836

*William G. Whitney,* Portland, argued the cause and filed a brief for appellant.

*J. Terrence Bittner,* Portland, argued the cause for respondent. With him on the brief were McMenamin, Jones, Joseph & Lang, Portland.

HOWELL, J.

Plaintiff filed this action for personal injuries which she alleged were sustained when she fell on the ice in front of defendant's place of business. The trial court sustained defendant's demurrer on the grounds the complaint failed to state a cause of action. A judgment was entered in favor of defendant, and plaintiff appeals.

While plaintiff alleged that she slipped and fell on the ice and snow "while walking on the driveway of defendant's property," both parties have considered the "driveway" as being the "sidewalk."[1] Plaintiff also alleged that defendant was negligent in failing to remove the snow in violation of a city ordinance which relates to removal of snow on sidewalks[2] and in failing to warn plaintiff of the ice and snow on defendant's property.

We believe this case is controlled by our decision in *Fitzwater v. Sunset Empire, Inc.*, 263 Or 276, 502 P2d 214 (1972), wherein plaintiff filed an action for injuries incurred when she slipped and fell on ice on a public sidewalk in Astoria. We stated:

> "The law is well established in this state, as elsewhere, that the defendant owed no common law duty to pedestrians to keep the public sidewalk free of ice and snow. * * *

---

[1] Plaintiff states the question to be decided on this appeal as: Does a landlord owe a duty to members of the passing public to keep the sidewalks free of snow and ice in accordance with a municipal ordinance imposing a duty to remove?

[2] The ordinance provides as follows:

"Snow on sidewalks. It is unlawful for the tenant, occupant or any person having the care of a building, or of land bordering on a street where there is a sidewalk, or if there is no tenant, occupant or caretaker, then the owner thereof, to fail or neglect, * * * to remove the snow * * *."

"It is also uniformly held that an ordinance requiring the property owner to keep the sidewalk free of ice and snow and imposing a penalty for failure to do so does not impose civil liability on the property owner in favor of a third person. * * *. Municipal ordinances requiring the removal of ice and snow upon a sidewalk are held to create a duty in favor of the city only. In effect, they merely require property owners to aid the city in the performance of its duty. * * *" 263 Or at 279-80. (Citations omitted.)

The trial court correctly sustained the defendant's demurrer.

Affirmed.

O'CONNELL, C. J., dissents for the reasons stated in his dissent in *Fitzwater v. Sunset Empire, Inc.,* supra.