Argued and submitted November 9, 1981, affirmed April 5,
reconsideration denied May 13,
petition for review denied June 22, 1982 (293 Or 340)

BROOKWELL,
*Respondent,*
*v.*
FRAKES et ux,
*Respondents,*
CITY OF MEDFORD,
*Appellant.*

BROOKWELL,
*Appellant,*
*v.*
FRAKES et al,
*Respondents.*

(No. 79-3648-L-2, CA A20761)

642 P2d 1183

John L. Hilts, Medford, argued the cause and filed the brief for appellant - respondent The City of Medford.

Thomas C. Howser, Ashland, argued the cause for respondent - appellant Virginia Brookwell. On the briefs were Gregory A. Parker, and Cottle, Howser & Cue, Ashland.

Timothy C. Gerking, Medford, argued the cause for respondents Lee W. Frakes and Anna J. Frakes. With him on the briefs was Brophy, Wilson & Duhaime, Medford.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff and defendant City of Medford (City) appeal a judgment dismissing plaintiff's complaint as to defendants Frakes and dismissing the City's cross-claim against the Frakes following an order granting those defendants' motion for summary judgment against both the plaintiff's amended complaint and the City's cross-claim.[1] We affirm.

Plaintiff sought to recover damages against the City and the Frakes for injuries incurred when she fell while walking on a sidewalk in front of the Frakes' property in Medford. She alleged that the sidewalk was in disrepair and was unsafe because of defendants' negligence. The City moved to dismiss on the ground that its charter exempted the City from the duty to maintain and repair sidewalks and from liability to third parties for injuries caused by breach of that duty. That motion was denied.

Defendants Frakes moved for summary judgment against plaintiff and the City on the grounds that (1) the Oregon Tort Claims Act (OTCA), ORS 30.260 *et seq.,* supersedes the city charter provision that purports to exempt the City from liability; and (2) the charter provision is unenforceable, because it is ambiguous and contradictory and because it is unconstitutional for failure to provide an adequate remedy to injured third parties. The court granted both motions and entered judgment dismissing both plaintiff's claim and the City's cross-claim against the Frakes.

Prior to the enactment of the Tort Claims Act, a city was liable for damages to persons injured as a result of a defective or icy sidewalk; the abutting landowner had no duty to repair the sidewalk or to keep it free of ice or snow,

---

[1] As in *Papen v. Karpow,* 56 Or App 673, 643 P2d 375 (1982), the trial court entered final judgment pursuant to ORS 18.125 (repealed by Or Laws 1981, ch 898, § 53 and replaced by ORCP 67B, containing identical language). The court recited the statutory conclusion that there was "no just reason for delay," but made no findings and stated no reasons for that conclusion. No party questioned the judgment's finality or our jurisdiction. For reasons stated in *Papen,* we conclude that the reasons supporting the appealability of the judgment are apparent on the record. Further, because the City cross-claimed here, and the judgment dismissed that cross-claim, the judgment is appealable by the City.

and had no liability to persons injured as a result of the dangerous condition of the sidewalk. *Caviness v. City of Vale,* 86 Or 554, 169 P 95 (1917); *Olson v. Chuck et al.,* 199 Or 90, 259 P2d 128 (1953). The City could, however, exempt itself from liability by imposing the duty to maintain the sidewalk on the abutting landowner and by making the abutting owner liable to third parties injured as a result of a breach of that duty, but the alternative remedy must be adequate. *Fitzwater v. Sunset Empire, Inc.,* 263 Or 276, 502 P2d 214 (1972).

Plaintiff contends that the Tort Claims Act clearly and unequivocally imposes liability on every public body (including cities) for its torts, subject to the express limitations contained in the Act, ORS 30.265, and that the Act "is exclusive and supersedes all home rule charter provisions and conflicting laws and ordinances on the same subject." ORS 30.300. Accordingly, she contends, even if the city charter provision would have been adequate to exempt the City from liability before the Act, the Act precludes the City from exempting itself.

We need not address that question if the charter provision here involved would not have been adequate to exempt the City prior to the Tort Claims Act. That provision, Section 40, provides:

"Section 40. SIDEWALKS: DUTIES OF ABUTTING OWNERS. It shall be the duty of all persons owning lots or lands which have sidewalks abutting the same to maintain and keep and repair said sidewalks, and not permit the same to become or remain in dangerous or unsafe condition. Any owner of lots or lands who neglects to promptly comply with the provisions of this section shall be answerable to any person injured by such negligence, but for an amount not greater than one-half the value of said owner's lots or lands abutting on said sidewalk where the injury occurred. If any property holder, by his carelessness or neglect to perform any duty required of him by the terms of this section contributes to cause injury or damages, he shall reimburse the City for all damages it has been compelled to pay in such case, and such payments may be enforced in any court having jurisdiction. This is identical to the provisions of Section 104, and of the related portion of Section 110, of Chapter 292, Oregon Special Laws of 1905, Medford's legislative charter, and shall be

deemed a continuation of that provision and not a re-enactment thereof."[2]

That provision purports to impose on the abutting land-owner the duty to maintain sidewalks and also to impose liability on that owner to third persons injured as a result of the owners failure to fulfill that duty. If that were all that the charter does, it would be sufficient to exempt the City from liability.

■     However, the provision expressly limits the liability of the abutting owner to an amount no greater than one-half the value of that owner's land abutting the sidewalk where the accident occurred. Both plaintiff and the City agree that the limitation of the owner's liability does not meet the constitutional requirement that an adequate alternative remedy must be provided if the City is to exempt itself. *Olson v. Chuck et al, supra.* We concur in that conclusion.

The charter provision goes on to provide the City full indemnity against the landowner for all damages the City is required to pay an injured party if the abutting owner's negligence contributes to cause the injury. Plaintiff contends that the charter provision as a whole distinguishes between the abutting owner's negligence and that of the City, and that the indemnity provision simply means that the City may recover from the owner that portion of the damages attributable to the owner. Accordingly, plaintiff contends, all that need be done is to sever the invalid portion of the provision, leaving the owner and City liable to plaintiff and, perhaps, leaving the owner liable to the City for some or all of the damages.

The City, however, contends that the entire duty to maintain sidewalks is placed on the abutting owner by the charter provision and, although it does not specifically so

---

[2] Two related ordinances repeat the essence of the duty created in the first sentence of Section 40. They do not attempt to transfer liability for breach of duty from the City to the abutting owner. Thus the ordinances do no more than impose on the abutting owner a duty to the City. *Fitzwater v. Sunset Empire, Inc., supra.*

Further, Section 40 is not identical to the referenced Sections 104 and 110, which respectively exempt the City from liability for an abutting owner's negligence and limit recovery from the City to $100 in any case in which it had prior notice of the danger, with indemnity as provided in Section 40.

state, the City appears to recognize an internal inconsistency in the provision which permits the City full indemnity against the owner whose liability to the injured party is limited. It contends that all of the following language should be stricken from Section 40:

> "* * * but for an amount not greater than one-half of the value of said owner's lots or lands abutting on said sidewalk where the injury occurred. If any property holder, by his carelessness or neglect to perform any duty required of him by the terms of this section contributed to cause injury or damages, he shall reimburse the City for all damages it is compelled to pay in such case, that such payments may be enforced in any court having jurisdiction * * *."

The remaining portions of the provision, under the City's theory, would remain — the abutting owner would have the entire duty to maintain, together with the entire liability to injured third parties.

Both of those parties rely on ORS 174.040[3] for our authority to sever those provisions of the charter section which we hold unconstitutional. As we view Section 40, however, ORS 174.040(2) precludes our severing either or both of the provisions. The limitation on the owner's liability is such an important part of the entire provision that we cannot say the provision would have been adopted without it.

■ We conclude that Section 40 of the charter fails to exempt the City from liability, even if the Tort Claims Act does not preclude it from doing so.

■ The City makes one other contention: even if the charter provision is held invalid, the City is, nevertheless,

---

[3] ORS 174.040 provides:

"It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:

"(1) The statute provides otherwise;

"(2) The remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or

"(3) The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent."

immune under former ORS 30.265(3)(f) (amended Or Laws 1981, ch 490, § 4),[4] because plaintiff's claim arises out of an act

> "* * * omitted under apparent authority of a law * * * which is unconstitutional * * * to the extent that they would have been liable had the law * * * been constitutional * * * unless such act was * * * omitted in bad faith or with malice."

Without attempting to decide the reach of that immunity provision of the Act, it is enough to say that it does not apply to a city's attempt to exempt itself from liability for its torts, no matter how sincere its belief that it has validly done so.[5]

Affirmed.

---

[4] Former ORS 30.265(3)(f) provided:

"(3) Every public body and its officers, employes and agents acting within the scope of their employment or duties are immune from liability for:

"* * * * *

"(f) Any claim arising out of an act done or omitted under apparent authority of a law, resolution, rule or regulation which is unconstitutional, invalid or inapplicable except to the extent that they would have been liable had the law, resolution, rule or regulation been constitutional, valid and applicable, unless such act was done or omitted in bad faith or with malice."

[5] No contention is made that Section 40 of the Charter may be limited to imposing the duty to maintain sidewalks on abutting landowners and giving the City a right of indemnity against the owner if an injured third party obtains a judgment against the City for damages caused by a defective sidewalk. Accordingly, we do not consider whether the Tort Claims Act affects that kind of provision.