Argued and submitted September 10, 1981,
reversed and remanded April 5, 1982

PAPEN,
*Appellant,*
*v.*
KARPOW,
*Appellant,*
*and*
CITY OF HILLSBORO,
*Respondent.*

(No. 41-066, CA A20270)

643 P2d 375

Charles Robinowitz, Portland, argued the cause and filed the briefs for appellant Beverlee J. Papen.

Jeffrey M. Batchelor, Portland, argued the cause for appellant Effie Karpow. With him on the briefs were James H. Clarke, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Randall E. Kester, Portland, argued the cause for respondent. On the brief were Jeffrey H. Ormont, Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action against defendant Karpow and the City of Hillsboro for damages for injuries incurred when she slipped and fell on an icy sidewalk adjacent to Karpow's property in Hillsboro. Karpow moved to dismiss for failure to state a claim; the City moved for summary judgment on the ground that its charter and ordinances exempted it from liability to plaintiff. The court denied the motion to dismiss, granted the motion for summary judgment and entered final judgment for the City pursuant to ORS 18.125.[1] Both plaintiff and defendant Karpow appeal. We reverse and remand for further proceedings.

### JURISDICTION TO REVIEW

At oral argument we raised the question whether this court has jurisdiction over either appeal. Taking plaintiff's appeal first, we questioned whether it was from a final judgment so long as plaintiff's action against Karpow continued. If plaintiff recovered against Karpow, she would have no reason to complain of the dismissal of her action against the City. Further, although it recited the conclusion that there was "no just reason for delay," ORS 18.125, the judgment dismissing the City did not state any findings or reasons to support that conclusion. We have held such support to be requisite to our jurisdiction over interlocutory appeals, unless the "reasons [are] apparent on the record." *Hill v. Oland,* 52 Or App 791, 793, 629 P2d 867 (1981); *Portland Elec. & Plumb. v. Cooke,* 51 Or App 555, 626 P2d 397, *rev den* 291 Or 117 (1981). We requested supplemental briefs.

We now conclude that the reasons are apparent on this record and that there are sound reasons to entertain plaintiff's appeal. Plaintiff has only one claim; theoretically, it could be against either or both defendants, depending on the proper construction of the City's charter and several of its ordinances, and their effect in light of prior decisions. If the trial court erred in deciding that the City was exempt from liability and that Karpow was potentially

---

[1] ORS 18.125 was repealed in 1981 (Or Laws 1981, ch 898, § 53) and replaced by ORCP 67B, containing identical language.

liable, and if we decline jurisdiction, plaintiff and Karpow would have to expend time and money for a needless trial. The case would probably be moot if Karpow won on the merits, but if plaintiff won, Karpow could appeal the judgment dismissing the City, only to have plaintiff retry the same case against the City. Plaintiff, Karpow and the courts would have wasted time and funds. In the interest of judicial economy and efficiency, a final determination should be made now as to which defendant remains in the case. *See Shaughnessy v. Spray,* 55 Or App 42, 45-46 n 3, 637 P2d 182 (1981), *rev den* 288 Or 589 (1982).

As discussed below, the only way the trial court could have granted judgment for the City was for it to have concluded that the City had validly exempted itself from liability and imposed that liability on Karpow. Accordingly, that judgment adversely affected Karpow. For the same reasons we conclude that plaintiff may appeal, we conclude that Karpow may do so.

Our disposition of the City's motion for summary judgment will dispose of the merits of Karpow's motion to dismiss.[2]

## LIABILITY

 It is well settled that an abutting landowner owes no common law duty to pedestrians to keep the public sidewalk free of ice and snow. The City, however, does owe such a duty, but may impose that duty by charter or ordinance on abutting landowners; if the charter or ordinance does no more than impose the duty, the City remains liable to injured third parties. *Fitzwater v. Sunset Empire,*

---

[2] In the supplemental briefs, no party contests defendant Karpow's standing to appeal the summary judgment. *See* ORS 19.020 ("Any party to a judgment or decree * * * may appeal therefrom"); *The Victorian,* 24 Or 121, 127, 32 P 1040 (1893) (interpreting "any party" in predecessor to ORS 19.020 to refer "evidently * * * to any person who is a party to the action. * * *"). Karpow was party to the judgment, ORS 19.020, which we have concluded was an appealable final judgment, ORS 19.010(2)(e); ORS 19.140 permits us to review *any* intermediate order involving the merits or necessarily affecting that judgment. Here, defendants argued that only one of them could be liable; the other should be dismissed from the case. Their motions were mutually exclusive: only one could be granted if the court accepted defendants' position. The court accepted that position when it granted one motion and denied the other, resulting in the judgment for the City. Thus, the denial of the motion to dismiss necessarily affected the judgment and involved the merits.

*Inc.,* 263 Or 276, 279-80, 502 P2d 214 (1972); *Anthis v. Bordeaux,* 271 Or 73, 74-75, 530 P2d 836 (1975).[3] The City may, by express provision, give third parties a right of action against the abutting owner, but provisions exempting a municipality from liability may be sustained only if an adequate remedy is afforded the injured party against some other responsible person. *Olson v. Chuck et al.,* 199 Or 90, 259 P2d 128 (1953). *See* Or Const art I, § 10. At least, that *was* the case before the Tort Claims Act was enacted in 1967.[4]

In this case, Section 291 of Hillboro's amended charter provides in part:

"The City of Hillsboro shall not be liable to any one *[sic]* for any loss or injury to person or property, growing out of any casualty or accident happening to such person or property on account of [certain enumerated conditions] * * *; nor shall there be any recourse against the City for damage to person or property suffered or sustained by reason of accident on side walks *[sic],* streets, avenues, lane, alley, park, court or place, or by falling from any embankment thereon, or into any excavation therein; but *this provision does not exonerate* any officer of the City of Hillsboro, or *any other person, from such liability* whenever such casualty or accident is caused by the *willful neglect* of the duty enjoined upon such officer or person by

---

[3] In *Anthis v. Bordeaux,* 271 Or 73, 530 P2d 836 (1975), the court quoted from *Fitzwater v. Sunset Empire, Inc.,* 263 Or 276, 279-80, 502 P2d 214 (1972):

"The law is well established in this state, as elsewhere, that the defendant owed no common law duty to pedestrians to keep the public sidewalk free of ice and snow. * * *

"It is also uniformly held that an ordinance requiring the property owner to keep the sidewalk free of ice and snow and imposing a penalty for failure to do so does not impose civil liability on the property owner in favor of a third person. [Citations omitted.] Municipal ordinances requiring the removal of ice and snow upon a sidewalk are held to create a duty in favor of the city only. In effect, they merely require property owners to aid the city in the performance of its duty. [Citations omitted.]" 271 Or at 74-75.

In *Fitzwater,* the court also said:

"* * * If the city had intended by the ordinance to give an injured third party a right of action against the abutting owner, it could have so provided in the ordinance. Such provisions appeared in the charter in *Caviness v. City of Vale* [86 Or 554, 169 P2d 95 (1917)], and in the public works code in *Olson v. Chuck* [*et al,* 199 Or 90, 259 P2d 128 (1953)]. [Footnote omitted.]" 263 Or at 284.

[4] *See Brookwell v. Frakes,* 56 Or App 687, 642 P2d 1183 (1982).

law, or by the terms of this Act, or when caused by the *gross negligence* or *willful misconduct* or such officer or person in any other respect." (Emphasis supplied.)

That charter provision is not sufficient to exempt the City from liability, because it fails to provide an adequate alternative remedy. The phrase, "* * * does not exonerate * * * any other person * * *," is insufficient to *impose* liability on the abutting owner, who had none at common law from which to be exonerated. Further, the charter does not purport to impose liability for ordinary negligence. If it applies at all, it is only for gross negligence or willful misconduct.

The City also relies on two ordinances that it believes govern here when they are read together in light of the charter provision. No. 2841 governs construction and repair of sidewalks, driveways and curbs. Sections 2 (c) and (d) of that ordinance provide:

"(c) *Repairs.* Property owners shall maintain in good repair all sidewalks adjacent to their land, and shall be liable for any injuries resulting from a failure to so maintain. The City shall notify by certified or registered mail any owner of record who fails to repair a sidewalk when necessary. Any such notice shall specify the location of the sidewalk to be repaired, the kind of work required, the materials to be used and the time within which the work must be done. In the event such notice is not delivered or the owner of the property is not known, the City shall post a copy of the notice in a conspicuous place on the property. If the property owner fails to make repairs within 60 days after the initial date of notification, the City shall have the necessary work done and assess the cost, together with an additional amount not to exceed 15. for administrative, legal and engineering expenses, according to Chapter XXIX of the Amended Charter of the City.

"(d) *Sidewalk Obstructions.* Objects shall be placed on or within sidewalks only by approval of the City. Preservation of trees or installation of areas for trees or shrubs conflicting with the standard construction of sidewalks may be permitted where approved by the City."

No. 1721 defines nuisances and provides penalties for failure to abate a nuisance; Section 8 of that ordinance requires abutting owners to remove ice and snow from city sidewalks. It provides:

"*Snow and Ice Removal.* No person owning or controlling any premises, improved or unimproved, abutting upon any public sidewalk within the city shall permit:

"(1) Any snow to remain on such sidewalk for a period longer than the first eight hours of daylight after the snow has fallen.

"(2) Any such sidewalk to be covered with ice and it shall be the duty of any such person within the first eight hours of daylight after the ice has formed to remove any ice accumulating on such sidewalk or to properly cover it with sand, ashes or other suitable material to assure safe travel."

The sidewalk repair ordinance (No. 2841) requires that "property owners shall maintain in good repair all sidewalks adjacent to their land and shall be liable for any injuries resulting from a failure to so maintain." That language meets the *Fitzwater* test as to liability for failure to repair. The snow removal ordinance (No. 1721) contains no such language.

The City argues that the repair ordinance's language, "maintain in good repair," includes the removal of snow and ice. Read as a whole, however, the ordinance indicates that it governs construction, size, location and repair by use of specific materials. It does prohibit unapproved placement of obstructing "objects" but does not mention snow or ice. It provides a longer notice period and imposes a lesser penalty than does the snow removal ordinance.

■ If possible, we must construe the ordinances so as to give effect to all. *Olson v. Chuck et al, supra,* 199 Or at 106. The repair ordinance is the more recent of the two and specifically repealed other ordinances it was to replace. The City does not contend that the repair ordinance repealed the snow removal ordinance, and we think it is clear that it did not. The snow removal ordinance specifically covers the situation here; the maintenance and repair ordinance does not. The notice requirements and penalties are substantially different. Failure to comply with the snow removal ordinance subjects one to a stiffer penalty, but not to liability to third parties. Failure to repair or to remove objects that obstruct subjects one to a lesser penalty, but also to liability to third parties.

■ Because the City has failed to impose both duty and liability on abutting landowners, the City remains liable to third parties, and Karpow, the abutting landowner, is not liable. The trial court erred in granting the City's motion for summary judgment and dismissing plaintiff's complaint against the City.

Reversed and remanded.