Argued and submitted February 6, 1987, affirmed January 13, reconsideration denied April 22, petition for review allowed May 24, 1988 (305 Or 671)

# HALE,
## *Appellant,*

### *v.*

## PORT OF PORTLAND et al,
### *Respondents.*

### (A8104-02187; CA A35081)

748 P2d 161

Frank M. Parisi, Portland, argued the cause for appellant. On the briefs were Barrie J. Herbold, Markowitz & Herbold, P.C., and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

William P. Buren, Portland, argued the cause for respondent Port of Portland. With him on the brief were John G. Holden and Wood, Tatum, Mosser, Brooke & Landis, Portland.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent City of Portland. With him on the brief were Ridgway K. Foley, Jr., P.C., Allan M. Muir and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., concurring.

**BUTTLER, P. J.**

Plaintiff suffered severe physical injuries in an accident that occurred on November 3, 1980.[1] Through his guardian *ad litem,* he filed this action for personal injuries against several defendants, including the City of Portland (City) and Port of Portland (Port), alleging general and special damages of 4.5 million dollars. After the court granted the motions of City and Port to strike the claim for damages in excess of $100,000 pursuant to ORS 30.270(1)(b), a part of the Oregon Tort Claims Act (OTCA), City and Port confessed judgment for $100,000 each. Plaintiff appeals from the ensuing judgment,[2] assigning error to the trial court's granting the motions to strike, arguing that the $100,000 limitation on recovery by individual claimants for torts committed by public bodies violates Article I, sections 10 and 20, of the Oregon Constitution and the Equal Protection and Due Process Clauses of the United States Constitution.[3] All of plaintiff's arguments are premised on the proposition that governmental immunity in Oregon is not of constitutional origin.

In *Vendrell v. School District No. 26C et al,* 226 Or 263, 360 P2d 282 (1961), decided six years before the passage of OTCA, the Supreme Court discussed the effect of the purchase of liability insurance on sovereign immunity. The court concluded that its power to affect the law of tort immunity was limited by the constitution and statutes.

"[O]ur power to choose the policy of this state with reference to the right of persons to recover for torts committed by

---

[1] By February 9, 1983, plaintiff had incurred medical expenses of $645,000.

[2] The judgment disposes of all claims against all parties.

[3] Article I, section 10, provides:

"[E]very man shall have remedy by due course of law for injury done to him in his person, property or reputation."

Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

US Const, Amend XIV, provides:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

agencies of the state has been limited both by constitution and statute.

"Our Constitution is framed on the premise that the state is immune from suit and that if immunity is lifted it shall be done so by the action of the legislature. Article IV, § 24 provides as follows:

'Provision may be made by general law, for bringing suit against the State, as to all liabilities originating after, or existing at the time of the adoption of this Constitution; but no special act authorizeing *(sic)* such suit to be brought, or making compensation to any person claiming damages against the State, shall ever be passed.'

"Since a school district is a political subdivision of the state, * * * the principle of immunity pronounced in the Constitution applies to it. * * *

"Thus it is apparent that the doctrine of sovereign immunity exists in this state, not as the creation of the courts, but as a constitutional principle chosen by the people and which is subject to change only by general law. Therefore, we are not at liberty to say, as did the court in *Pierce v. Yakima Valley Etc. Ass'n.,* 43 Wash2d 162, 260 P2d 765, 774 (1953), in speaking of its right to abolish the rule of charitable immunity, that 'We closed our courtroom doors without legislative help, and we can likewise open them.' " 226 Or at 278. (Citations omitted.)

At oral argument, plaintiff conceded that, in order for him to prevail, we must hold that the courts may modify sovereign immunity. That would require the overruling of *Vendrell,* which we have no authority to do.[4]

Affirmed.

**ROSSMAN, J.,** concurring.

Plaintiff argues that the damage limitations of the Oregon Tort Claims Act (OTCA), ORS 30.270(1)(b), violate Article I, section 20, of the Oregon Constitution. He contends that the act creates two impermissible classifications: the first

---

[4] We conclude that plaintiff's arguments that OTCA violates the Fourteenth Amendment are without merit, because they assume that the legislature, in enacting OTCA, imposed limitations that do not exist under Article IV, section 24. However, in the absence of OTCA, plaintiff would not be able to maintain *any* action for *any* amount against City and Port. Under OTCA all injured claimants are treated equally, although some claimants may not be compensated fully.

classifies tort victims on the basis of the identity of the tortfeasor as government or private; the second classifies tort victims by the amount of damages. Those with damages of $100,000 or less may get full recovery, but those with damages exceeding $100,000 cannot. The majority appears to suggest that the *manner* in which the legislature exercises its power to change sovereign immunity is beyond judicial scrutiny. I disagree. Any such change must comply with the other provisions of the Oregon Constitution, including Article I, section 20. For example, surely the majority would agree that a statute allowing only Caucasians to recover against the state would be unconstitutional.

I have grave reservations about the constitutionality of the OTCA damages limitation; it allows complete recovery for some plaintiffs but denies complete recovery to plaintiffs with catastrophic injuries. It may be that, under the Oregon Constitution, a limited waiver of sovereign immunity is like being a little bit pregnant. However, if plaintiff is correct that ORS 30.270(1)(b) is unconstitutional, the next issue would be whether that section can be severed from the rest of the statute. It is apparent to me that the OTCA would not have been enacted without the limitations provision, and therefore the entire act must fall. ORS 174.040(2). *See Brookwell v. Frakes,* 56 Or App 687, 692, 642 P2d 1183, *rev den* 293 Or 340 (1982); *Espinosa v. Southern Pacific Trans.,* 50 Or App 561, 569, 624 P2d 162, *aff'd* 291 Or 853, 635 P2d 638 (1981).

Before the OTCA, sovereign immunity was held to be part of the Oregon Constitution under Article IV, section 24. The OTCA was a partial waiver of sovereign immunity by the legislature. *Vendrell v. School District No. 26C et al,* 226 Or 263, 360 P2d 282 (1961), states that the Oregon Constitution allows only the legislature to abolish sovereign immunity. Plaintiff argues that *Vendrell* was wrongly decided: The Constitution merely gives the legislature the power to abolish sovereign immunity and does not incorporate the doctrine itself. Plaintiff may be correct, but we are bound by *Vendrell.*